### 8793. SELLERS v. CARTER et al.

GEORGE, J.  1. A judgment setting apart a year's support under sections 4041 et seq. of the Civil Code of 1910 is in effect a conveyance to the widow of an interest in her deceased husband's estate, and the description of the property must be such as to render it capable of identification. The certainty of description required in a deed or other conveyance is required in a judgment setting apart a year's support. In the case of lands, if the description is so vague and indefinite that the property can not be identified, the title of the estate is not divested by the judgment setting apart a year's support. *McSwain* v. *Ricketson*, 129 *Ga.* 176, 179 (58 S. E. 655); *Hawes* v. *Elam*, 131 *Ga.* 323 (62 S. E. 227); *Hancock* v. *King*, 133 *Ga.* 734, 735 (66 S. E. 949).

2. If the description is so imperfect and indefinite that the land can not be identified, and if there is nothing in the pleadings to aid the description, the judgment is void, and can not be amended at the instance of the grantee of the widow (made in this case twelve years after the date of the judgment) by the addition of descriptive terms. In the absence of aid from the application, the return of the appraisers, or the judgment setting apart the year's support, the order setting apart "50 acres, more or less, of lot of land number 383 in the Second Land District of Appling County, Georgia," is void; and the grantee of the widow can not create a title in the applicant by amending the judgment. The court therefore did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED SEPTEMBER 13, 1917.

Appeal; from Appling superior court—Judge Highsmith. March 12, 1917.

*Padgett & Watson*, for plaintiff.