PUTNAL *v.* HICKMAN.

FISH, C. J. On the trial of an action for land, brought by Mrs. J. A. Putnal against W. G. Hickman on August 28, 1917, the evidence for the plaintiff was to the following effect: D. E. Willis died intestate in Colquitt county, in August, 1890, seized and possessed of the land sued for, leaving a widow and their child, the plaintiff, then less than a year old, and no other descendant. There was no permanent administration on his estate. At the December term, 1890, of the ordinary's court of Colquitt county, temporary letters of administration were granted on the decedent's estate; at the same term, upon the application of the temporary administrator, appraisers were appointed to "appraise the goods and chattels of D. E. Willis, deceased," and they were to return an inventory thereof to the ordinary's office within the time required

by law, together with the warrant of appointment. On December 5, 1890, the appraisers made to the court of ordinary a return of an itemized "inventory and appraisement of all the real and personal property belonging to the estate of D. E. Willis deceased, so far as was produced to" them by the temporary administrator; from which it appeared that all of the property of the estate was valued at $306.85. All the appraisers signed this return, and immediately after their signatures followed this statement (apparently a supplemental return), viz.: "We, the appraisers, set the estate of D. E. Willis, deceased, . . aside for the benefit of the widow and orphans." This was also signed by all of the appraisers. At the January term, 1891, an order was granted by the ordinary to this effect, viz: "that the decision of appraisers be the decision of this court, and the estate of D. E. Willis is therefore set aside and disposed [?] of to the widow and orphans of said deceased for support." At this last term of court the temporary administrator applied for letters of dismission, stating in his application that the estate of his intestate had been "turned over to the widow and orphans of said deceased." An order granting letters of dismission was passed at the February term, 1891. No proceeding relating in any manner to the estate of the decedent, other than above referred to, was of file or on record in the ordinary's court, and none was recorded until July, 1905, when the order appointing appraisers for the estate, the return of their inventory and appraisement, together with their report setting aside the estate "for the benefit of the widow and orphans," and the order making such "decision" of the appraisers the "decision" of the court, were all recorded in the "book of inventories and appraisements," July 21, 1905, without any order that they be recorded. The defendant was in possession of the land, and claimed title thereto under a sale and conveyance made October 30, 1891, by the plaintiff's mother, widow of the intestate, to one Sinclair, and conveyance from him to the defendant. *Held:*

1. The grant of a nonsuit was error. Plaintiff, under the evidence submitted in her behalf, was the sole heir at law of her father, who owned the land at his death, and title therein immediately vested in her. Her title was not divested by any valid year's support set apart in the land. The proceedings relating to year's support were entirely nugatory, as they were not in conformity with the statutory requirements. Civil Code, §§ 4041, 4043. No application was made for the appointment of appraisers to set apart and assign a year's support; no appraisers were appointed for such purpose, and of course no return could be made and recorded, and thus become the judgment of the court. See *Watson* v. *Watson*, 143 *Ga.* 425 (85 S. E. 324). Here there was no order admitting any of the proceedings in reference to a year's support to record, and none of them were recorded for more than fourteen years.

2. So much of the amendment to the answer as the plaintiff moved to strike set forth the same matter covered by the original answer, and therefore the refusal to strike it was not error.

*Judgment reversed. All the Justices concur.*

No. 809. DECEMBER 12, 1918.

Complaint for land. Before Judge Thomas. Colquitt superior court. January 23, 1918.

*L. L. Moore* and *Branch & Snow,* for plaintiff.

*Parker & Gibson, W. A. Covington,* and *J. S. Ridgdill,* for defendant.