## PUTNAL v. HICKMAN.

GILBERT, J.  1. On the trial of the issue as to whether a widow had elected to take a child's part in the estate of her deceased husband, the court did not err in refusing to admit in evidence the record of the court of ordinary, showing the appointment of a temporary administrator of the estate, the appointment of appraisers, and the return of the appraisers; the attempt to set aside the estate as a year's support being void because no application for a year's support had ever been made. See *Putnal* v. *Hickman*, 148 *Ga.* 621 (97 S. E. 668).

2. The undisputed evidence showed that the widow sold the entire interest of her deceased husband in the land within the time allowed her to elect between a child's part and a dower. There is no evidence showing or tending to show that she did not intend this conveyance to operate as an election to take a child's part. The court therefore did not err in directing a verdict in favor of the plaintiff, who was the only child of the deceased, for one half undivided interest in the land and one half interest in the mesne profits. *Brown* v. *Cantrell*, 62 *Ga.* 257.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1610.  MARCH 9, 1920.

Complaint for land.  Before Judge Thomas.  Colquitt superior court.  July 28, 1919.

Mrs. J. A. Putnal filed suit, on August 28, 1917, to recover certain lands of which her father, D. E. Willis, died seized and possessed on August 8, 1890.  A temporary administrator of the estate of the deceased was appointed and qualified on August 8, 1890, and was formally dismissed at the February term, 1891, of the court of ordinary.  No permanent administrator was ever appointed, so far as the record discloses.  The deceased left a widow and only one child, Mrs. Putnal.  The widow sold the land, on October 30, 1891, to J. B. Sinclair, predecessor in title of the defendant, and executed a deed, the habendum clause of which was as follows:  " The same to have and to hold unto the said J. B. Sinclair, his heirs and assigns, forever in fee simple."  This deed was recorded on December 13, 1893.  The defendant has been in possession of the land since December 24, 1913.  The plaintiff has never been in possession of any of the land.  On the trial the plaintiff sought to introduce in evidence a transcript of the record purporting to set apart the whole of the land as a years' support to the widow and child.  This judgment of the court of ordinary had previously been declared void by this court.  *Putnal* v. *Hick-*

*man,* 148 *Ga.* 621 (97 S. E. 668). The object of the proffered evidence was to show that the widow believed that she was conveying to Sinclair a title to the land which she had derived from the judgment of the court of ordinary setting aside the year's support, and that her deed was not intended as an election to take a child's part. On objection the court refused to admit the evidence; there being no evidence, except the deed, tending to show whether or not the widow had elected to take a child's part. The court ruled that the deed was conclusive proof that the widow had elected to take a child's part, and directed a verdict in favor of the plaintiff for one half undivided interest in the land and one half of the mesne profits. The plaintiff moved for a new trial, upon the general grounds, and upon the refusal of the court to admit in evidence the transcript of the record in regard to year's support, and the direction of a verdict for a half interest instead of the whole interest in the land and mesne profits. The motion was overruled, and the plaintiff excepted.

*L. L. Moore* and *Branch & Snow,* for plaintiff.

*J. S. Ridgdill, W. A. Covington,* and *Parker & Gibson,* for defendant.