## STRINGFELLOW *et al.* v. STRINGFELLOW *et al.*

1. It is not essential to the admissibility in evidence of a judgment setting apart a year's support that the party offering it should produce a transcript of the proceedings in the court of ordinary leading up to it.

2. When by such a judgment it appears, in general terms, that the whole of the property of the decedent was thus set apart, any competent evidence is admissible to apply the judgment to its subject-matter.

3. Where petitioners seek, as heirs at law of a named decedent, to have lands which he owned at the time of his death partitioned between themselves and others, a complete defense to such action is made out when it is shown that, after the death of the owner of the lands, they were duly set apart to his widow and minor child as a year's support.

(a) Property duly set apart to the widow and minor child of an intestate, as a year's support, vests in them, and the heirs at law of the intestate no longer have any interest therein.

(b) It is not necessary for the widow to obtain authority from the ordinary in order to sell property set apart to her and a minor child as a year's support.

4. When a homestead is covered by a year's support, the lesser estate is merged in the greater, and the title of the beneficiaries of the homestead becomes absolute.

5. A verdict for the defendants being demanded by the evidence, there was no error in directing one in their favor.

Submitted November 10,—Decided December 21, 1900.

Petition for partition.    Before Judge Butt.    Marion superior court.    April term, 1900.

*Simeon Blue*, for plaintiffs.

*W. D. Crawford, J. J. Dunham*, and *John C. Butt*, for defendants.

FISH, J.  This was a proceeding to partition realty.  The petitioners claimed that they and the defendants were the only heirs at law of James Webb, who died intestate, owning the lands sought to be partitioned. ·  The defendants admitted that petitioners were heirs at law of James Webb, and that he died intestate, owning the lands in controversy, but insisted that, after his death, they were set apart to his widow, Hannah Webb, and his minor child, Georgia Ann Webb, as a year's support; and the defendants claimed under conveyances from Hannah Webb and Georgia Ann Webb, after the latter had become of age.  Upon the trial the defendants offered in evidence such judgment of the court of ordinary, in which were the following recitals and order: "that it appearing, upon the return of five appraisers appointed by the court for the purpose of appraising the estate of James Webb, that they had discharged their duty by returning under oath that said estate, both real and personal, is worth less than five hundred dollars, and that they had set apart the whole of said estate to his widow, Hannah Webb, and Georgia Ann Webb, and that the return had been of file for more than six months, and that the creditor objecting withdrew his objections, it was ordered, that the return be made the judgment of the court, that the whole of said estate be set apart for said Hannah Webb and minor daughter."  The petitioners objected to this judgment going in evidence, upon the grounds that "no return was shown to have been made by the appraisers as required by law, and no property was described in the judgment."

1. It is well settled that a judgment of the ordinary setting apart a year's support is a judgment of a court of general jurisdiction, and the presumption is that everything necessary to authorize the rendition of such judgment was properly done.  See *Bush* v. *Lindsey*, 24 *Ga.* 245; *Davie* v. *McDaniel*, 47 *Ga.* 195; *Davis* v. *Howard*, 56 *Ga.* 430; *Barclay* v. *Kimsey*, 72 *Ga.* 725; *Stuckey* v. *Watkins*, ante, 268; *Little Rock Cooperage Co.* v. *Hodge*, infra, 520.  Therefore it was not essential to the admissibility of such judgment that it should be accompanied by a tran-

script of the proceedings leading up to it. *Gibson* v. *Robinson*, 90 *Ga.* 756. Moreover, the judgment in this case recited that a return had been made by the appraisers; and it was held in *Churchill* v. *Corker*, 25 *Ga.* 479, that "Recitals in the judgments of the courts of ordinary stand upon the same footing as the judgments of all other courts of general jurisdiction." It is evident, therefore, that there is no merit in the first objection.

2. Nor do we think the second objection well taken. It appears in the judgment, in general terms, that the whole of the property of James Webb was set apart to his widow and minor child. The petition in the present case alleged that James Webb, the intestate, owned the lands sought to be partitioned, at the time of his death, which fact was admitted by the answer. This fact was also established by the uncontradicted evidence of one of the witnesses, which testimony was admissible to apply the judgment to its subject-matter.

3. The defendants offered in evidence certain deeds made by Hannah Webb and Georgia Ann Webb, respectively, to different defendants, and covering various portions of the land in controversy. These deeds were objected to, upon the grounds, "that they were irrelevant; and it was not shown that they had the right to convey the lands, and no possession thereunder had been shown; and further, that no order or approval of the ordinary for such sale had been shown, and it was not shown that it was necessary for the support of said widow and child, or either, to make such sale." The objection was overruled, and this ruling is assigned for error. Section 3468 of the Civil Code provides, that property set apart as a year's support "shall vest in the widow, and child, or children; and if no widow, in such children, share and share alike; and the same shall not be administered as the estate of the deceased husband or father." Under this section of the Civil Code, when the land in dispute was duly set apart to the widow, Hannah Webb, and the minor daughter, Georgia Ann Webb, the title to the same vested absolutely in them; and the heirs at law of James Webb no longer had any interest whatever in it. *Miller* v. *Miller*, 105 *Ga.* 306; *Howard* v. *Pope*, 109 *Ga.* 259. See also, in this connection, *Goodell* v. *Hall*, ante, 435. Petitioners claimed as heirs at law of James Webb, and claimed no interest whatever under Hannah Webb or Georgia Ann Webb; indeed, the latter was one

of the defendants in the case.   When,. therefore, the defendants showed that the lands had been set apart to Hannah Webb and Georgia Ann Webb as a year's support, they showed title out of the estate of James Webb, and a complete defense to the action for partition was made out.   For the petitioners, having no interest whatever in the lands as the heirs at law of James Webb, could not maintain their action, no matter what defect, or defects, there might be in the deeds from Hannah and Georgia Ann Webb to different defendants in the case. ˙ But there was no merit in the objections urged to the admissibility of the deeds.   No order of the ordinary was necessary in order to allow Hannah Webb, the widow, to sell any part or all of the lands, even during the minority of Georgia Ann Webb.   *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Steed* v. *Cruise*, 70 *Ga.* 168; *Cox* v. *Cody*, 75 *Ga.* 175; *Swain* v. *Stewart*, 98 *Ga.* 366. Certainly after the minor beneficiary had become of age, she and her mother could make any disposition that they saw fit of their respective interests in the property. ˙ Of course, it was not at all essential to show that it was necessary for their support to sell the land.   There was no error in overruling the objections to the admissibility of the deeds.

4. The court, over the objection of the petitioners, permitted the defendants to introduce evidence for the purpose of showing that the land sought to be partitioned had been duly set apart to James Webb, as the head of a family, as a homestead, and error is assigned upon this ruling of the court.   So far as this case is concerned, it matters not whether this ruling of the court was right or wrong.   For if the land had been duly set apart to James˙ Webb, as the head of a family, as a homestead, when, after his death, it was set apart to his widow and minor child as a year's support, they took an estate in fee therein, and the homestead became extinguished, the lesser estate being merged in the greater.   This was decided in a case between different parties, involving this same homestead and this identical year's support.   *Lowe* v. *Webb*, 85 *Ga.* 731.   See, also, *Miller* v. *Crozier*, 105 *Ga.* 54–5.

.5. The court did not err in directing a verdict for the defendants, as the evidence demanded a verdict in their favor.

*Judgment affirmed.   All the Justices concurring.*