HAWES, administrator, *v.* ELAM.

The evidence in this case did not demand a verdict for the defendant, and the court erred in directing the jury to return a verdict in his favor.

Submitted February 13,—Decided August 17, 1908.

Ejectment. Before Judge Whipple. Stewart superior court. May 30, 1907.

*B. F. & G. Y. Harrell,* for plaintiff.

*S. B. Hatcher,* for defendant.

Beck, J. Hawes, as administrator of the estate of Hector Thomas, brought ejectment against Elam. The court directed a verdict for the defendant, and the plaintiff excepted.

In the brief of evidence it is recited, that it was admitted "that Hector Thomas, the deceased, was the common grantor, and that Hawes was the administrator of his estate;" also, that Thomas died seized and possessed of the lands in controversy. The defendant "introduced in evidence a certified copy, from the court of ordinary of Stewart county, of the year's support setting apart 300 acres of land, valued at $2 per acre, without any further description, to Frances Thomas, widow of Hector Thomas, and minor children. The year's support showed that the administrator acknowledged service upon the application of the widow. It was approved and admitted to record February 7, 1898." The defendant also introduced in evidence a deed to the land in controversy, from Frances Thomas to J. B. Tarver. The consideration ex-

pressed in the deed "was supplies for herself and minor children and to further settle an execution obtained in 1902." There was also introduced in evidence a deed from Tarver to Elam, the defendant, conveying the land sued for, and other land. Evidence was also introduced to show what property Thomas died in possession of, and that at the time of setting apart of the year's support there were minor children, and that the widow was dead. At the close of the evidence the court directed a verdict, as stated above.

We are of the opinion that the court erred in directing this verdict. It was not demanded by the evidence, but on the contrary a verdict for the plaintiff might very properly have been directed, even if the testimony shows that, after the administrator had sold off from the lands of his intestate 100 acres of land, the remaining realty of which the intestate died seized and possessed comprised 300 acres of land, the quantity which it appears was set apart as a year's support. The return of the appraisers, setting apart the year's support, is insufficient to effectuate its purpose, because it is too vague and uncertain to be capable of enforcement. It does not appear that the lands referred to in the return of the appraisers were a part of the estate of the deceased, or that he was in possession of them at the time of his death, or that he was ever in possession of them. It will be observed that there were no words of description whatever, nothing to show where the lands were located. In the case of *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655), it was held: "The judgment setting apart the year's support being, in effect, a conveyance to her of the interest of her deceased husband in the property, the description of the property must be such as to render it capable of identification. If the description is so vague and indefinite that the property can not be identified, the title to the estate is not divested by the judgment setting apart the year's support." See also the authorities cited in the case from which the above extract is taken.

The ruling that we make in this case is not at all in conflict with those decisions which hold that when the return of appraisers to set apart a year's support shows that the entire estate of the decedent was appraised, and the whole of it is set apart as a year's support, but fails to minutely describe the realty belonging to the estate, such a return is not incapable of enforcement on the ground of the insufficiency in the description of the land set apart.

Nor would the return of the appraisers and the judgment setting apart the year's support avail the defendant as a color of title, so that seven years posssession of the land claimed to have been set apart would ripen into a good title by prescription. "That certainty [of the description] which is required in a deed or other conveyance is also required in a judgment setting apart a year's support, certainly so far as land is concerned." *McSwain* v. *Ricketson,* supra. And argument is not needed to show that the description of the land, alleged in this case to have been set apart as a year's support, would, in an instrument offered as a deed of conveyance or as color of title, fall far short of being sufficient. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691).

<div align="center">

*Judgment reversed. All the Justices concur.*