SEELAND *et al. v.* DENTON REALTY CORPORATION.

1. Where upon the petition of the widow of a decedent a year's support, consisting in part of a lot of land, was set apart for the widow and three minor children of the decedent, and where subsequently, upon the petition of the widow acting for herself and the minor children, the return of the appraisers, so far as it purported to set aside the lot of land referred to, was amended by making the description of the lot of land more definite, and this amendment was allowed and made the judgment of the court of ordinary, the minor children were bound by that judgment. Relatively to such proceedings to have the amendment made, they were themselves applicants or petitioners, and it was not necessary to serve them with notice of the application.

2. Having held that the judgment of the court of ordinary allowing the amendment to the return of the appraisers was binding upon the minor children who were the plaintiffs in the present case, the verdict in favor of the defendant was required under the facts, and the court did not err in so directing.

No. 886. DECEMBER 12, 1918.

Complaint for land. Before Judge Highsmith. Jeff Davis superior court. February 26, 1918.

The plaintiffs were heirs at law of J. H. Thompson, who died on February 5, 1898, in Coffee county, Georgia, and at the time of his death owned and was possessed of all of lot of land No. 202 in the first district of Coffee county, besides other lands. He left as his sole surviving heirs his widow, Mrs. Victoria E. Thompson, and three minor children, namely, Nora Thompson (now Seeland), Charles T. and Oscar H. Thompson, the three last named being the plaintiffs. At the August term, 1898, of the court of ordinary of Coffee county, certain lands, including lot No. 202, were set aside as a year's support to the widow and minor children of J. H. Thompson, deceased, and the widow, for herself and minor chil-

dren, took charge of the property thus set apart. At the October term, 1898, Mrs. Victoria Thompson was appointed administratrix upon the estate of J. H. Thompson, and has never been discharged from that office. At the August term, 1901, upon application of the widow acting for herself and minor children of J. H. Thompson, the court allowed the original appraisers, appointed to set aside a year's support, to file a corrected return of their original report thereon, in which the real estate set aside in the original return was more definitely described; and this order was made the judgment of the court of ordinary and duly entered on the year's-support book. On August 12, 1903, the widow, acting for herself and minor children, sold part of the land set aside in said year's support, including the land in controversy, that is, lot of land No. 202, for the support of herself and minor children of J. H. Thompson. The present action was brought for the recovery of lot of land No. 202, but was so amended as to make it a suit for a three-fourths undivided interest in that lot. At the conclusion of the evidence for both parties the court directed a verdict for the defendant, and the plaintiffs excepted.

*Bennett & Quinn* and *W. W. Bennett,* for plaintiffs.

*Gordon Knox, J. Mark Wilcox, L. E. Heath,* and *W. C. Lankford,* for defendant.

BECK, P. J. (After stating the foregoing facts.) The contentions made by the parties raise the question of whether it was competent for the court of ordinary to allow the amendment to the original return of the appraisers, and whether or not the minor children of J. H. Thompson, for whose benefit the year's support had been set apart in the first instance, were bound by the judgment of the court allowing the amendment.

We do not think the return of the appraisers which was made the judgment of the court of ordinary, so far as it relates to this land, entirely void. The return of the appraisers, in part, is as follows: "We, the undersigned, appointed . . to assess and set apart a sum necessary for the support and maintenance of the widow and minor children of J. H. Thompson, deceased, for the space of twelve months, either in money or such property as the widow may select, do report that we have assessed and set apart, as being necessary for the support and maintenance of the said widow and minor children, the sum of seventeen hundred and

fifty-nine dollars, which the said widow has agreed to take as follows:" Then follows the enumeration of certain personal property, then a general recital of household furniture not enumerated, and then the statement of other property set apart, and its value, which includes "1 lot of land No. 202, $490.00," and then the enumeration of certain other lots of land; the report being signed by the appraisers. At the August term, 1901, of the court of ordinary this report was so amended as to make the description of lot No. 202 more definite. This was done upon the application of the widow acting for herself and the minor children. As we have said, we do not think the report as it stood was entirely void for indefiniteness of the description of the lot of land. Nor do we think that the children could raise that question in this case, inasmuch as they were virtually the petitioners in the application for the amendment of the description of the property which rendered that description definite and certain. Service of proceedings upon them was not necessary. This ruling, which is controlling upon the main question in this case, requires no elaboration, as in a recent case before this court a decision was rendered controlling upon the question stated. In the case of *Hendrix* v. *Causey,* 148 *Ga.* 164 (96 S. E. 180), it was said: "In a proceeding to set apart a year's support for a widow and minor children out of the property of the deceased husband, the widow may act for the minor children as well as herself. Civil Code, § 4041; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (7), 118 (35 S. E. 347). In such case the minor children are as plaintiffs, and the judgment obtained is in their behalf. The notice required by law of an application for year's support and the return of the appraisers is for the benefit of persons whose interests are adversely affected by the judgment, and not for the widow and minors, for whose benefit the judgment is rendered. Neither the widow nor the minor children can complain that others do not have proper notice of the proceedings. See *Galloway* v. *Vestal,* 135 *Ga.* 707-711 (70 S. E. 589). The plaintiff in this case was one of the minors for whose benefit the year's support was set apart. The title to the property set aside was in the widow and minor children from the time the return of the appraisers was made to the court of ordinary. Civil Code, §§ 4043, 4044; *Doyle* v. *Martin,* 61 *Ga.* 410; *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (3 a), 496 (37 S. E. 767). Compare *Luthersville Banking Co.* v. *Hopkins,* 12 *Ga. App.* 488 (77 S. E.

589). The widow can lawfully sell property so set apart when necessary for the support of the family. *Cleghorn* v. *Johnson,* 69 *Ga.* 369; *Allen* v. *Lindsey,* 113 *Ga.* 521 (38 S. E. 975). The court therefore properly admitted the evidence, the effect of which was to show title out of the widow and children and to effectually prevent a recovery of the land from the purchaser from the widow by any one of them." Under this ruling it is not necessary to enter upon a discussion of the question as to whether or not the amendment to the original return of the appraisers might have been made so as to affect the rights of third parties, though it would seem that this might be done unless the original return of the appraisers to set aside the year's support now in controversy was entirely void. Touching this question of amendment see the case of *Redding* v. *Lennon,* 112 *Ga.* 491 (37 S. E. 711); and numerous other cases from other jurisdictions might be cited on this point, but it is deemed unnecessary in view of the ruling above.

The sale by the widow of the property to the predecessor in title of the defendant divested the children of any title or interest in the land, and they could not recover as against the defendant in this action. Consequently the verdict directed by the court in favor of the defendant was required. And though certain of the evidence objected to might have been irrelevant and immaterial, its exclusion could not affect the result.

- <em>Judgment affirmed. All the Justices concur.</em>