BRIDGES *et al. v.* BRADY.

1. A mistake in one of the initials of the decedent, which appeared in the return of appraisers appointed to set aside a year's support to a widow and minor children, did not invalidate the return, in view of the fact that it clearly appears that the estate from which the appraisers carved

out the year's support was in fact the estate of the decedent from whose estate the year's support was to be set aside.

2. Mere irregularities, such as a failure to date the order for citation and the order and judgment of the ordinary, and a mistake as to the number of minors, the number being stated as six instead of five, could not have the effect to vitiate the return of the appraisers.

3. A return of appraisers setting apart a year's support, which did not embrace the entire estate of the decedent, but merely designated items of property, and which contained as one item "50 acres, more or less, $250.00," was as to such item too vague and indefinite to be capable of enforcement.

4. But the supplemental return, or amendment to the return, of the appraisers, which was allowable under the facts shown, had the effect to cure the defect in the return.

5. The irregularities in the record and the order for record, and the failure to give notice of the application to amend the return, were not valid grounds for rejecting the amendment from evidence.

No. 3924. SEPTEMBER 30, 1924.

Complaint for land. Before Judge W. E. Thomas. Colquitt superior court. July 17, 1923.

Mrs. Versie Bridges and C. L. Brownlee brought complaint for the recovery of certain described land against Mrs. Florence Brownlee Brady, claiming a one-fifth undivided interest each in the land. Petitioners allege that they are heirs at law of C. L. Brownlee, deceased, and that the defendant is in possession and claims title to the land under C. L. Brownlee, who owned and was in possession thereof at the time of his death. He left surviving him a widow, Mrs. Florence Brownlee, the defendant, and five children, who were then minors. Mrs. Brownlee afterward married J. H. Brady. One of the children shortly afterwards died, and four now survive and are of age. The defendant filed her plea and answer, in which the relationship of the parties to the decedent was admitted to be as alleged in the petition, and in which she further alleged that "she holds said lands and title thereto as the widow of the said C. L. Brownlee and under the judgment of the court of ordinary of Colquitt County, Georgia, setting the same aside to this defendant and her minor children as a year's support, which order and judgment is recorded in the office of the ordinary of said county, in Book A, page 15. This defendant further shows that said order aforementioned was, on the 6th day of December, 1905, amended so as to make the description of said tract of land and the return of the appraisers setting the same aside more definite, which said amendment is of record in the office of the

ordinary of said county in Book A, page 342. This defendant says that she holds said land under and by virtue of said original and amended order of the court of ordinary setting the same aside as a year's support, and that as the widow of said deceased she is entitled, under said order of the court, to the use and control of said property, free from any interference upon the part of said plaintiffs." Upon the trial of the case it was agreed that in the year 1903 C. L. Brownlee resided in Colquitt County; that he died in said year, leaving a widow and five minor children; that about one year after his death one of the minor children died, leaving the widow and four of the children; that the plaintiffs are two of those children, both now being between 21 and 26 years old; that at the time of the death of C. L. Brownlee he was in possession of and owning the land sued for, with other lands; that his widow afterward married J. H. Brady, and she is in possession of the lands sued for; that no record of a year's support appears upon the records of the court of ordinary in said county for the widow of "J. L." Brownlee; and that all of the four minor children are now of age. The defendant tendered in evidence the following, purporting to be the return of appraisers, together with the order of the court of ordinary entered thereon (omitting signatures and address to the court) :

"We, the undersigned, appointed by the Hon. the Ordinary of said County of Colquitt to assess and set apart a sum necessary for the support and maintenance of the widow and minor children of J. L. Brownlee, deceased, for the space of twelve months, either in money or such property as the said widow may select, do report that we have assessed and set apart, as being necessary for the support and maintenance of said widow and children, the sum of four hundred fifteen and no/100 ($415.00) dollars, which the said widow has selected to take as follows:  50 acres of land, more or less, $250.00 [then follows a list of personalty]. We, the appraisers, after being duly sworn, have appraised the property of the C. L. Brownlee, deceased, and find less than $500.00, return the same to widow and six children for a year's support. In witness whereof we have hereto set our hands and seals, this 11th day of August, 1903."

"——————Court of Ordinary, At Chambers, Aug.————
1903.

"It appearing that the appraisers appointed to set apart a year's support for Florence Brownlee and 6 minors of C. L. Brownlee, late of said county, deceased, have filed their return. It is ordered that citation issue and be published as provided by law.

"——————Court of Ordinary. The report of the appraisers to set apart to the widow and minor children of C. L. Brownlee the provision allowed by law being read, and the court being satisfied that the same is in due form and properly made, and citation having been issued and published, and no objection being filed, it is ordered that the same be admitted to record, and stand as the judgment of this court."

Other evidence, so far as material, is stated in the opinion. The court directed a verdict in favor of the defendant, and the plaintiffs excepted.

*James L. Dowling,* for plaintiffs.

*Humphreys & DeLoache,* for defendant.

BECK, P. J. (After stating the foregoing facts.)

1. When the documentary evidence set forth in the statement of facts was offered in evidence the plaintiffs objected to its admission, on the grounds: (1) That the return of appraisers recited the name of the deceased to be J. L. Brownlee, and not C. L. Brownlee; (2) that the order providing for citation was without date and specified the deceased to be C. L. Brownlee and the beneficiaries to be Florence Brownlee and six minors; (3) that the judgment of the ordinary was void for the reason that it contained no date, nor does it appear therefrom that it was signed in the regular term of the court of ordinary or at chambers; (4) that the description contained in said return of appraisers, being "50 acres, more or less," was too indefinite and uncertain. The grounds of objection were overruled. The first objection, that the name of the deceased is recited to be "J. L." instead of C. L. Brownlee in the return of the appraisers, is without merit, in view of evidence introduced showing that the letter J was used for the letter C by mistake, and that the return of the appraisers dealt with the estate of C. L. Brownlee, the decedent, and set apart the same for the purposes indicated in the return.

2. The second and third exceptions to the evidence are also without merit. The fact that the order providing for citation was without date, and that the number of minors should have been

stated as five instead of six, did not render the evidence inadmissible. These amount, at the most, only to irregularities, and do not affect the validity of the return of the appraisers.

3. The fourth objection is that "the description contained in said return of appraisers, being '50 acres, more or less,' is too indefinite and uncertain to afford a basis for recovery." In the case of *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655), it was said: "The judgment setting apart the year's support being, in effect, a conveyance to her of the interest of her deceased husband in the property, the description of the property must be such as to render it capable of identification. If the description is so vague and indefinite that the property cannot be identified, the title to the estate is not divested by the judgment setting apart a year's support. That certainty which is required in a deed, or other conveyance, is also required in a judgment setting apart a year's support, certainly so far as land is concerned. If the judgment now in question had purported on its face to have set apart all of the property, or all of the lands, of the deceased, parol evidence would have been admissible to show what lands were owned by the deceased. But there is nothing in the judgment to indicate that it was the intention of the commissioners to set apart the entire estate." And a similar doctrine is laid down in other cases. In the instant case the decedent owned as much as 75 acres of land; and it appears as a fact established in this record that 25 acres of this land, subsequently to the date of the judgment approving the return of the appraisers, was ordered to be sold, because a sale was necessary for the purpose of paying the debts of the estate.

4, 5. But while the return of the appraisers in the present case was defective in the respect pointed out, we are further of the opinion that the amendment to the return of the appraisers was admissible in evidence, and, having been admitted, it cured the defect. The return of the appraisers was not entirely void; it had the effect of setting apart as a part of the year's support certain articles of personalty; and the defective description of the land which the appraisers attempted to set apart could be amended, and was amended. The introduction in evidence of the amendment was objected to upon the grounds, that the original return of the appraisers and the judgment based thereon were void; that the petition to amend the return of the appraisers and the judgment

allowing the amendment show upon their face that they were filed upon the same day, and consequently the judgment was entered up "without notice;" that it does not appear that the order and judgment had been admitted to record; that the judgment admits the petition to record upon the minutes of the court; and that it appears that said petition and judgment had not been recorded as required by law. We do not think that any of these reasons are valid reasons for refusing the admission in evidence of the petition to amend and the judgment allowing the amendment. The irregularities in the matter of record did not constitute sufficient ground to reject the amendment and the judgment allowing it. Nor did the want of notice constitute a valid ground for the rejection of the evidence. Such grounds might possibly have been a sufficient basis for objection if they had been raised in proceedings by creditors of the estate, had such been contesting the validity of the year's support. But the plaintiffs are the children of the decedent, out of whose estate the year's support was carved, and they were minors at the time of setting apart the year's support; and that places them, relatively to the question at issue, in a very different position from that which would have been occupied by creditors. In the case of *Seeland* v. *Denton Realty Corporation,* 148 *Ga.* 628 (97 S. E. 681), which was a case dealing with the question of an amendment to the return of appraisers appointed to set aside a year's support, and where the return was defective as in the present case, it was said: "This was done upon the application of the widow acting for herself and the minor children. As we have said, we do not think the report as it stood was entirely void for indefiniteness of the description of the lot of land. Nor do we think that the children could raise that question in this .case, inasmuch as they were virtually the petitioners in the application for the amendment of the description of the property which rendered that description definite and certain. Service of proceedings upon them was not necessary. This ruling, which is controlling upon the main question in this case, requires no elaboration, as in a recent case before this court a decision was rendered controlling upon the question stated. In the case of *Hendrix* v. *Causey,* 148 *Ga.* 164 (96 S. E. 180), it was said: 'In a proceeding to set apart a year's support for a widow and minor children out of the property of the deceased husband, the widow may act for the minor

children as well as herself. Civil Code, § 4041; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (7), 118 (35 S. E. 347). In such a case the minor children are as plaintiffs, and the judgment obtained is in their behalf. The notice required by law of an application for year's support and the return of the appraisers is for the benefit of persons whose interests are adversely affected by the judgment, and not for the widow and minors for whose benefit the judgment is rendered. Neither the widow nor the minor children can complain that others do not have proper notice of the proceedings. See *Galloway* v. *Vestal,* 135 *Ga.* 707-11 (70 S. E. 589). The plaintiff in this case was one of the minors for whose benefit the year's support was set apart.' " See also *Lane* v. *Jackson,* 151 *Ga.* 584 (2) (107 S. E. 846).

*Judgment affirmed. All the Juslices concur, except*

RUSSELL, C. J., dissenting. The item in the return of the appraisers setting apart a year's support, which designates a tract of land merely as "50 acres, more or less, $250," is too vague and indefinite in description to be capable of enforcement; and the return of the appraisers is not subject to amendment after there has been a judgment entered upon their return. In my opinion, the failure to date the order for citation, and the order and judgment of the ordinary being without any date at which it purported to have been rendered, as well as the fact that the number of minors for whose benefit in part the year's support was being allowed exceeded the number of minors actually in existence, and the further fact that no notice of the application to amend the return had been given, required that the amendment tendered in evidence should be rejected.