## BUSH *et al. v.* CLEMONS *et al.*

1. Where, in a proceeding to set aside a year's support for a widow and minor children, the report of the appraisers shows that they set apart numerous articles of personal property and "400 acres land $8000.00," the report as to the land is void, and can not, after such report has been made the judgment of the ordinary, be so amended as to supply a description and a plat of the land, as against the interest of the heirs of the estate who were sui juris at the time the year's support was set aside. Evidence of such an amendment, where the same has been allowed by the ordinary, is not admissible on the trial of a suit to recover an interest in the land by children who were not beneficiaries of the year's support.
2. The evidence so demanding, the court did not err in directing the verdict.

No. 4900.  NOVEMBER 16, 1925.

Ejectment. Before Judge Yeomans. Early superior court. May 9, 1925.

Mrs. T. P. Clemons and Mrs. J. W. Thompson brought an action of ejectment against Mrs. S. K. Bush (Addie Jane Bush) seeking to recover a two-sixths undivided interest in described land aggregating 413.08 acres "known as the S. K. Bush home place." They alleged that they were daughters and heirs at law of S. K. Bush, deceased, and as such were entitled to recover the land sued for. Mrs. S. K. Bush filed a plea of not guilty, and on the trial the evidence was without conflict and in substance as follows: S. K. Bush died intestate, March 24, 1923. He left surviving him his wife, Addie Jane Bush, four minor children who were still minors when the present suit was tried, and two adult daughters. Mrs. S. K. Bush was appointed permanent administratrix upon the estate of her deceased husband, at the July term, 1923, of the court of ordinary, and duly qualified. She has continued as permanent administratrix. The plaintiffs, at the time of the death of S. K. Bush, were not in possession of the land. On the death of S. K. Bush his widow, the defendant, continued in possession, cultivating a part of it, and claimed possession and title to the land under a year's support set aside to her as such widow. The description of the land in the petition covers the premises in the possession of S. K. Bush at the time of his death, and "that was

Courts 15 C. J. p. 1009, n. 36.
Ejectment 19 C. J. p. 1196, n. 58.
Executors and Administrators 24 C. J. pp. 261, n. 88, 89, New, 90; 262, n. 99, New; 267, n. 16, 20; 268, n. 33, New.

all of the land that he owned." On the trial the defendant offered in evidence the original petition filed by her in the court of ordinary, March 28, 1923, asking that a year's support be set aside for herself and her four minqr children; also the original return of appraisement, issued and signed by the ordinary on the same day; also the original return of the appraisers appointed to set aside a year's support out of the estate of S. K. Bush, deceased, to his widow, Addie Jane Bush, and four minor children, filed with the ordinary on March 31, 1923; the report of the appraisers showing that they had set aside numerous articles of personal property and "400 acres land $8000.00," total property set aside $10,338.95. Defendant also, in the. same connection, offered the original judgment of the court of ordinary, dated May 7, 1923, admitting the foregoing report and return of appraisers to record and making it the judgment of the court of ordinary. All of the foregoing papers were properly recorded in the court of ordinary.

The defendant also offered in evidence an original petition filed by her with the ordinary on April 6, 1925, reciting the date of her husband's death, that he owned and died in possession of land described in the petition, which is the land described in the present suit, and that immediately after the death of her husband, on her petition, the property was set aside as year's support for herself and her minor children, as shown by the judgment of the court of ordinary and the return of the appraisers mentioned above. The petition further alleged that the appraisers appointed to set aside the year's support intended to set apart to her all of the land owned by said Bush at his death, but failed to fully and accurately describe the land and make a plat thereof as required by law, and, in order to "avoid any confusion and to complete the record in said year's support proceedings, that she desired an order from this court directing the appraisers who were formerly appointed and who acted in the making of said return, or a majority of them, to complete their appraisement of return to·the court (giving an accurate description of said land and accompanying same with a plat), and to that end she asked that when they did make full return as the law contemplates in such cases that said return be allowed by the court and be allowed to be filed into court, either as an amendment to the original return or else as an original return whichever the court may deem it is." She also offered the

original order dated April 6, 1925, issued and signed by the ordinary on the foregoing petition, directed to the appraisers who acted in the original petition, "requiring them to file a complete return in said case, giving a full and accurate description of the lands which they assigned and set aside to said widow and minor children in 1923, and also said appraisers are required to make a plat of same and return along with their return in said case, in order that the rights of all parties may be protected, in order that the records of this office may comply with the law in such cases made and provided and to carry out the mandate of this order in the first appointment as well as of this order." She also offered in the same connection the amended return of said appraisers, dated April 6, 1925, fully describing the land (which is the same description contained in the petition of the plaintiffs in the present suit) with plat attached, the return of said appraisers being as follows: "We, the undersigned appraisers, ask that this return as thus made be filed and made a part of the record of the former return, and that this appraisement be allowed, and this schedule be allowed by the ordinary, including plat." Also the judgment of the ordinary, dated April 6, 1925, as follows: "The foregoing amendment of the return of the appraisers in the above matter, or the foregoing return, is hereby allowed and approved and made a part of the record in the above-stated case, and the lands above described including the plat are set aside to said widow and said minor children named in the original petition, and the said returns as amended are made the judgment of said court, and the clerk of this court is ordered to record same as the law provides in such cases." All of the foregoing papers were recorded in the ordinary's office.

To the admission of all of the foregoing documentary evidence the plaintiffs objected, and moved to exclude the same, on the following grounds: (a) Because the original return of the appraisers shows on its face that it was void in so far as it attempted to set apart to the applicant the land, for the reason that there was no valid or legal description of the land which it was attempted by the appraisers to set apart, as the original description of the land was as follows: "400 acres of land" without any further description. (b) Plaintiffs moved to exclude from evidence the judgment of the court of ordinary making the original return

of the appraisers the judgment of the court, on the ground that there was no legal return made by the appraisers in so far as it related to the land. (c) Plaintiffs moved to exclude from the evidence the original petition filed in the court of ordinary by Addie Jane Bush, the widow of S. K. Bush, on April 6, 1925, on the grounds that it was irrelevant and immaterial, and that there was no notice served upon the plaintiffs of the application, and that the petition as filed by Addie Jane Bush, on April 6, 1925, showed upon its face that it was purely an ex parte proceeding in the court of ordinary, without any opportunity afforded the plaintiffs to appear and defend, and because the effect of the proceeding is to deprive the plaintiffs of their property without due process of law. (d) Plaintiffs also moved to exclude the amended return of the appraisers setting aside to the defendant a year's support, for the reason that the original return of the appraisers is void in so far as it relates to the land in controversy, and there is not enough in the original return upon which a valid amendment could be based, and upon the further ground that there has been no valid original return filed in the court of ordinary. (e) Plain- tiffs also moved to exclude from the evidence the judgment of the court of ordinary dated April 6, 1925, allowing the amendment to the return of the appraisers, for the reason there had been no legal return made to the court setting apart the property in controversy, upon which a judgment could be based allowing the same. The court sustained the objections and excluded all of the foregoing documentary evidence, and thereupon directed a verdict for the plaintiffs. The defendant filed a motion for a new trial on the general grounds, and subsequently amended it by assigning error on the judgment excluding the documentary evidence. She excepts to the overruling of this motion.

  *Chester A. Drake, Jesse A. Drake,* and *W. I. Geer,* for plaintiffs in error. *A. H. Gray,* contra.

  GILBERT, J. The controlling question in the case is whether or not the court properly excluded from the evidence the documentary evidence offered by the defendant to show that the judgment of the court of ordinary setting aside a year's support for the widow and minor children was afterwards amended in order to include a description of the property and plat. This is true because, as we shall show, the original judgment setting aside this

year's support, unaided by amendment, was void in so far as the land was concerned; and as the judgment was void in that respect, there was no title to the land in the widow and minor children to the exclusion of the plaintiffs in this case. On the other hand, if the amendment was legal and binding so as to validate the original judgment, then the widow and minor children would be entitled to the entire land set aside, to the exclusion of Mrs. Clemons and Mrs. Thompson, the plaintiffs in the present case.

1. "It is a well-established rule, that, a judgment setting apart a year's support being in effect a conveyance to the widow of an interest in her deceased husband's property, the description of the property must be such as to render it capable of identification; and if the description is so vague and indefinite that the property can not be identified, the title of the estate is not divested by the judgment setting apart a year's support. *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655) ; *Hawes* v. *Elam,* 131 *Ga.* 323 (62 S. E. 227)." *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949). The description must be as definite as in a deed. *McSwain* v. *Rickelson,* supra. The only description contained in the original judgment setting apart the year's support touching land was "400 acres land $8000.00." And there was no plat as required by law. Ga. Laws 1918, p. 122. This description does not identify any particular land, and is insufficient to set aside the land. *Lee* v. *English,* 107 *Ga.* 152 (2) (33 S. E. 39) ; *Pitts* v. *Whitehead,* 121 *Ga.* 704 (49 S. E. 693) ; *McSwain* v. *Ricketson, Hawes* v. *Elam,* supra; *Beavers* v. *Wilson,* 144 *Ga.* 231 (86 S. E. 1089) ; *Hutchinson* v. *Woodward,* 145 *Ga.* 325 (89 S. E. 208) ; *Blackwell* v. *Partridge,* 156 *Ga.* 119 (118 S. E. 739) ; *Bridges* v. *Brady,* 158 *Ga.* 886 (3) (124 S. E. 699). There are numerous other decisions to the same effect. Moreover, this seems to have been the accepted opinion of the applicant, set forth in the application to the ordinary, for the amendment of the judgment. As to the admissibility of parol evidence to aid the description, see *Blackwell* v. *Partridge,* 156 *Ga.* 119 (2, 3), and at pp. 129, 130 (supra). It is insisted, however, that where all of the land owned and possessed at the time of the death of the decedent is set aside, such a return is sufficient. It is sufficient to say that in such a case that fact must be shown on the face of the judgment, and not by evidence aliunde. *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (2), 496 (37 S. E. 767) ; *McSwain* v.

*Ricketson, Hutchinson* v. *Woodward, Bridges* v. *Brady,* supra.   In this case the fact does not appear on the face of the judgment, and moreover the judgment sought to return "400 acres land," and the evidence in this case without dispute shows that the decedent at his death owned 413.08 acres.   It follows, therefore, that the widow and minor children, under the original judgment, obtained no title to the land sued for in the present case.   The description of the land was so vague and indefinite that the judgment setting apart the year's support, so far as the item of land is concerned, "was absolutely void."   *McSwain* v. *Ricketson,* 129 *Ga.* at p. 180 (supra), and authorities cited.

2.   Did the widow and minor children obtain title to the land in virtue of the year's support judgment as amended by the judgment of the ordinary, dated April 6, 1925?   This depends upon whether or not the amendment was valid as against the plaintiffs, Mrs. Clemons and Mrs. Thompson, both of whom were sui juris at the time that the original judgment was rendered setting aside a year's support.   This court has said: "There is no provision, in case the objections are sustained, that the matter be again referred to the same or different appraisers.   Where the appraisers file their return with the ordinary, they have discharged their full duty.   Their commission becomes functus officio.   The statute does not contemplate any further action on their part, or the appointment of new appraisers."   *Winn* v. *Lunsford,* 130 *Ga.* 436, 441 (61 S. E. 9) ; *Casey* v. *Casey,* 151 *Ga.* 169 (106 S. E. 119). On the other hand it appears that if the commissioners, on petition of the widow, did in fact, under the direction of the ordinary, amend their report and the same was approved and recorded by the ordinary, the same is binding as against the widow and minor children.   *Seeland* v. *Denton Realty Co.,* 148 *Ga.* 628 (97 S. E. 681) ; *Bridges* v. *Brady,* supra.   This ruling is based upon the fact that one who has sought and obtained a judgment in his own behalf is estopped thereafter from repudiating that judgment when conditions have made it to his interest to do so.   Thus, in the *Seeland* case, supra, where the facts were almost identical with the facts of the present case, the minor children for whose benefit the year's support had been set aside were held to be estopped from denying the validity of the judgment.   In this case those who attack the validity of the judgment are adult heirs of S. K. Bush,

who derived no benefit from the judgment, and they stood in the same position as creditors of their father or strangers to the judgment. The facts in the above cases show that both suits were for the recovery of lands to which title was asserted by virtue of a year's support. In both cases there was a judgment seeking to amend the original judgment. In the *Seeland* case the judgment for a year's support was attacked by those minors for whose benefit the judgment for a year's support was rendered. In the present case it was attacked by adult children whose interests were adverse to the year's support. The difference is vital to the contention of the plaintiffs in error. Widows and their minor children who invoke and obtain judgments granting them property out of the estates of deceased husbands and fathers can not afterwards repudiate the judgments which they have secured for their own benefit. *Warner* v. *Hill,* 153 *Ga.* 510 (1 a), 513 (112 S. E. 478), et cit. In the *Seeland* case the court decided that the beneficiaries of the judgment setting apart a year's support were bound by the judgment allowing an amendment to that judgment; but the ruling was carefully guarded by adding the following: "Under this ruling it is not necessary to enter upon a discussion of the question as to whether or not the amendment to the original return of the appraisers might have been made so as to affect the rights of third parties, though it would seem that this might be done unless the the original return of the appraisers to set aside the year's support now in controversy was entirely void." The concluding words of the quotation next above apparently indicate·that a judgment setting aside a year's support might be so amended as to affect third parties, unless the original return was entirely void. The expression "entirely void" as there used referred to any item of the appraisers' return. If any item was entirely void it could not be amended. It is otherwise if only incomplete but not void. It is perhaps sufficient to say that that question was not involved in the case. The excerpt above quoted was intended to serve notice that the decision went no further than its facts. The original return in that case was not entirely void, and the original return in this case was not entirely void. They were both void as to the item of land which the appraisers sought to include. Certainly in the *Seeland* case it was not intended to intimate that an amendment to a judgment setting aside year's support could affect third

parties who were not allowed their day in court. Adverse parties, to be affected by an amendment after the original return has been made, must have legal notice. In the present case the plaintiffs, adult children of the deceased, S. K. Bush, could not in any view be bound by the judgment amending the original return, first, because, as shown above, the office of the appraisers was functus officio and they had no legal right to perform any further duty, and the plaintiffs were not among the minors for whose benefit the judgment was obtained and are not estopped from attacking the erroneous judgment; also, because the record shows that the application to the ordinary to amend the judgment, together with the order of the ordinary requiring the amendment to be made, the return of the appraisers, and the judgment of the ordinary allowing the same, all took place on the same day, to wit, April 6, 1925. That fact precludes the possibility that any citation was run, giving notice to interested parties. It could not be treated as a part of the original proceeding and therefore included under the provisions of the original citation, because when the appraisers had made their report their duties had ended; the ordinary had rendered a judgment which exhausted completely his powers in the premises, and he was unauthorized, some two years thereafter, to entertain jurisdiction of a petition to amend and to conclude all adverse interests without notice. It is true, and well settled, "that a judgment of the ordinary setting apart a year's support is a judgment of a court of general jurisdiction, and the presumption is that everything necessary to authorize the rendition of such judgment was properly done." *Stringfellow* v. *Stringfellow,* supra, and authorities cited. The presumption in this case is entirely rebutted by the record, as shown above, that all of the proceedings to amend the judgment took place on one day. Compare *Winn* v. *Lunsford,* supra; *Putnal* v. *Hickman,* 148 *Ga.* 621 (97 S. E. 668). Plaintiff in error cites the case of *Hightower* v. *Hightower,* 159 *Ga.* 769 (127 S. E. 103), headnotes 3 and 4, for the contention that the amendment to the judgment for year's support should have been admitted as extrinsic evidence in aid of the description of the land in the original judgment. Under its facts that case is not in conflict with the views already expressed. The appraisers in the *Hightower* case described the land as follows: "210 acres of land on the east side of the Oconee river in

the 52 district G. M., Laurens County, Georgia." It was said in that case: "Unaided, the description of the land in the return of the appraisers' and the order setting it apart as a year's support might be insufficient. . . But the description could be aided by extrinsic evidence." The description there did not appear to be void, and was so treated in the decision. In *Bridges* v. *Brady,* supra, where the judgment setting aside a year's support was attacked by the minor children for whose benefit the judgment was rendered, it was held that the judgment amending the year's support as against them was effective. This was, of course, upon the principle that the minors were estopped to attack the judgment which was rendered for their benefit.

*Judgment affirmed. All the Justices concur.*