JACKSON *et al. v.* LEE, sheriff, *et al.*

ATKINSON, J. 1. If within one year after a man dies his widow and minor children apply to the court of ordinary for the setting apart of a statutory year's support under the Civil Code (1910), §§ 4041 et seq., out of the estate of the deceased, and appraisers are duly appointed, who make a return which purports to allow the applicants "the sum of two thousand dollars which the said widow has selected to take as follows," designating several parcels of land valued at $6,345, and several articles of personalty consisting of farm products valued at $342.50, and states that "we set aside the above property subject to the indebtedness of said estate secured and unsecured, which amounts to approximately $5,275.00 from the information furnished us, but which may be more; we also set apart all of the household and kitchen furniture owned by deceased for the use of said widow and children;" and if after such return is made citation is issued and advertised as provided by law, and afterward judgment is duly rendered by the ordinary confirming the report and admitting it to record, to which no appeal is taken, such judgment is not void on the ground that the property has been set apart subject to existing debts of the deceased, or on the ground that the appraisers have not filed with their report a plat of the land that was set apart. If the applicants be dissatisfied with the return of the appraisers, they have the right of appeal. *Phelps* v. *Daniel,* 86 *Ga.* 363 (12 S. E. 584); *Birt* v. *Brown,* 106 *Ga.* 23, 25 (31 S. E. 755).

2. If, after such judgment setting apart a year's support, the widow receives and uses all the property and continues to use the realty for two or three years for support of herself and children without paying the debts, and the creditors obtain judgments against the estate, and cause levies to be made on the realty, and thereafter the widow again in behalf of herself and children applies for a year's support to be set apart to them out of what remains of the property, on the assumption that the judgment setting apart the first year's support was void, a judgment refusing to enjoin sale of the realty until a second year's support is set apart will not be reversed.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

GILBERT, J., concurs specially. HINES, J., concurs in the result.

No. 4790. FEBRUARY 15, 1926.

Petition for injunction. Before Judge Searcy. Upson superior court. January 14, 1925.

On December 31, 1924, a widow in behalf of herself and minor children instituted an action against the sheriff and certain creditors of her deceased husband, to enjoin a sale of described realty that was advertised to occur at the sheriff's January sales. The

Executions 23 C. J. p. 557, n. 37 New.

Executors and Administrators 24 C. J. p. 263, n. 17 New, 23.

petition alleged that the husband died on February 23, 1921, and that petitioner had never received a support from his estate, but that on December 17, 1924, appraisers duly appointed by the ordinary filed a report setting apart to petitioner as a statutory year's support all the household and kitchen furniture and $1600 to be paid her in cash; that the report was being advertised; that there were no other assets of the estate, and it was insolvent; that if the sale should proceed there would not be sufficient to pay the debts and the allowance for year's support, and the sale would defeat the provision allowed by law for support of the decedent's family. The prayers were that the sale be enjoined until a suitable provision for year's support could be made out of the estate, and that the rights of the parties be adjusted according to the principles of equity and justice. An amendment alleged that the claim of one of the creditors was superior to the claim for year's support, and that petitioner was unable to pay off that claim; and she prayed that if the court after full investigation should so hold, an order be passed that the sale proceed under the fi. fas. of that creditor, and any surplus after paying that debt be impounded until the year's support can be set apart and petitioner's rights fully protected. The defendants filed a joint answer admitting some of the paragraphs of the petition and denying others, and setting up substantially the following: "The plaintiff's husband died in possession of the land, but legal title thereto was vested in" the defendant whose claim the plaintiff conceded in her petition was superior to the year's support; "that in October, 1921, petitioner . . for herself and her children, applied for and had set apart to her the entire estate of her husband consisting of the property described in said petition and also of personal property of the value of $L'$".%) [$1842.50 ?] as a year's support, subject to the debts against said estate which were the debts of these defendants, and she took charge of all of said estate and agreed to pay all the debts against same, and she has been managing the land and all the personal property belonging to said estate ever since her husband's death, and has received the rents and profits from same. Defendants show that the application for year's support which is attached as an exhibit to said petition is the third application made by plaintiffs. That all of said estate having once been set apart to her, subject to the debts, and she agreeing

to take same and pay the debts, she can not apply for and have set apart to her another year's support as she contemplates and is trying to do. Defendants show further that she made application for a second year's support out of said estate, and same came to be heard on appeal from the ordinary's court; they voluntarily dismissed same when they saw they could not obtain a second year's support under the law applicable to the facts in this case . . That the lands described in . . said petition are all of the lands belonging to said estate; but they deny that these lands constitute all of the estate, unless the said plaintiffs have disposed of the personal property belonging to said estate. At the time of the decedent's death there was personal property amounting to $1800.00 and more belonging to said estate, and this was set apart to the plaintiffs along with the land, and she elected to take same and pay all the debts against said estate both secured and unsecured. . . That plaintiffs have already been allowed a year's support out of said estate, and that she is not entitled to the application now being made. They say further that on account of the plaintiff's unwillingness to pay the debts against her husband's estate, and which she voluntarily agreed to pay by electing to take the entire estate subject to said debts as her year's support, it has been necessary for these defendants to try and subject the property belonging to said estate to pay the debts due them. . . That they should be allowed to proceed with their fi. fas. and make their money out of the property belonging to said estate. That the plaintiff is using said property for her own benefit, and is allowing the interest to accumulate on the claims against said estate, and is allowing the taxes to remain unpaid and accumulate in order to defeat the claims of defendants. That unless the defendants can proceed with the collection of their claims, that they will so increase until the property levied on will not bring the amount of their claims. That the plaintiffs have used or disposed of all the personal property, and it [is?] now impossible for them to realize anything on it, and the land is the only property left now. . . That the plaintiffs are fully protected in all their rights, and are not entitled to an injunction. That they are not entitled to any amount until after the claims of these defendants have been paid in full; and if they do not pay said claims as they agreed to do, then the property must sell to satisfy

these claims, as the order allowing the year's support provided. Defendants attach hereto a copy of the petition asking that a year's support be set apart to her out of her husband's estate, the return of the appraisers allowing a year's support, and the order of the ordinary making the return of the appraisers the judgment of the court. This judgment was not appealed from, and stands now a legal judgment, and plaintiff is bound by it and must comply with it before she is entitled to any equitable relief." The return of the appraisers referred to in the answer described the property that was set apart as follows: "The sum of two thousand dollars which the said widow has selected to take as follows: 423 acres of land in the 11th district of Upson County, Ga., being all of lot No. 157 except 12 acres in S. E. corner; 129 acres, more or less, of the west portion of lot No. 156; 80 acres more or less off the southern half of lot No. 184, being all of south half of said lot except that owned by A. A. Crawford on south side; and 23 acres, more or less, of N. E. corner of lot No. 185. Said land valued at $6,345.00. One cow valued at $25.00, 3 hogs valued at $30.00; 3 mules valued at $125.00; 100 bushels corn valued at $75.00; lint-cotton 450 lb., 1/2 interest in value at $40.00; 1000 bundles fodder valued at $7.50; 100 gals. sorghum syrup valued at $25.00; hay valued at $15.00." Following this description were the words: "We set aside the above property subject to the indebtedness of said estate secured and unsecured, which amounts to approximately $5,275.00 from the information furnished us, but which may be more. We also set apart all of the household and kitchen furniture owned by deceased, for the use of said widow and children." Citation was duly issued and published, and, no objection to the return of the appraisers having been filed, it was formally made the judgment of the court. The judgment contained a provision: "All of the indebtedness against the estate being excepted, and the property belonging to such estate being set aside subject to such debts which approximate the sum of $5,275.00; and more particularly is the same set apart subject to the following indebtedness, to wit." [Then followed a statement of the debts of the defendant in this injunction suit.] At the interlocutory hearing the judge refused a temporary injunction. The plaintiffs excepted. The bill of exceptions states that "The plaintiffs introduced evidence in support of their peti-

tion, and defendants introduced evidence in support of their answer." It also states that the plaintiff introduced her own affidavit in which she testified to the material allegations of the petition. It was also stated: "It was admitted in open court that plaintiffs had petitioned the court of ordinary of Upson County for a year's support, that appraisers were appointed and their return made to the said court of ordinary, the material parts of which are as follows." [Then follows a copy of the record referred to in the petition.] Following this the bill of exceptions states that the defendant read in evidence documents which were set forth and purported to be a record in the proceeding before the ordinary, setting apart a year's support in 1921, which was referred to in the answer. The assignment of error in the bill of exceptions was that the judgment denying a temporary injunction was contrary to law. In the brief of the attorney for the plaintiff in error it is stated: "There are two questions here involved, (a) Was the judgment of the court of ordinary setting apart to complainants the entire estate of deceased, subject to the indebtedness of the estate as an allowance for a year's support, the estate being insolvent, a void judgment? and, (b) if the said judgment is void, did the court err in denying the complainants the injunctive relief prayed?" Following this statement the brief proceeds to discuss these questions, and does not discuss any other question.

*John B. McDonald* and *Claude Worrill,* for plaintiffs.

*James R. Davis,* for defendants.

GILBERT, J., concurring specially. I concur in the judgment of affirmance. The judgment setting aside a year's support to the widow, rendered at the November, 1921, term of the court of ordinary, based upon the return of the appraisers dated October 7, 1921, appears to be void in part. A portion of the property set aside is in land which is insufficiently described. *Bush* v. *Clemons,* 161 *Ga.* 311 (130 S. E. 914), and authorities cited. Moreover, there was no plat of the land filed with the report of the appraisers, as required by the act of 1918 (Ga. Laws 1918, p. 122). It does not appear from the judgment that all of the land of the ·deceased husband was set aside. This fact must appear from the judgment, and can not be proved by aliunde evidence. *Bush* v. *Clemons,* supra, and authorities cited. It is sufficient to

say that the judgment is binding against the widow, since the judgment was rendered in her behalf, and she is therefore estopped from repudiating it. *Hendrix* v. *Causey*, 148 *Ga.* 164 (96 S. E. 180); *Seeland* v. *Denton Realty Corporation*, 148 *Ga.* 628 (97 S. E. 681), and authorities cited; *Warner* v. *Hill*, 153 *Ga.* 510 (1 *a*) (112 S. E. 478); *Bridges* v. *Brady*, 158 *Ga.* 886 (5) (124 S. E. 699); *Bush* v. *Clemons*, supra, and authorities cited.