SAFFOLD *v.* HATTAWAY, executrix.

No. 6558. FEBRUARY 19, 1929.

*H. B. Moss* and *E. R. Lambert,* for plaintiff in error.

*Shackelford & Shackelford,* contra.

ATKINSON, J. The executrix of the will of Mrs. S. E. R. Saffold, deceased, instituted an action against A. R. Saffold, to enjoin interference with plaintiff's possession and disposal of timber on described land. The defendant filed a demurrer to the petition and the separate paragraphs thereof, on general and special grounds; also an answer. At an interlocutory hearing the judge overruled the defendant's motion to continue the case, and, after consideration of all the pleadings and evidence, temporarily enjoined the defendant "from interfering in any manner with" the plaintiff's lessees "in the cutting of the pine and poplar trees" on the land, and from interference with their "sawing and removing" the timber. There was no separate ruling upon the demurrer. Error was assigned on the omission to rule upon the demurrer, and upon the judgment granting the temporary injunction.

■ The court did not err in overruling the motion to continue.

■ The executrix was the widow of T. P. Saffold, who died testate, and defendant was one of their sons. The evidence tended to show that in his lifetime T. P. Saffold executed a security deed to a loan company, conveying a large quantity of land including the land in question; that after his death the widow made application for a year's support, which was set apart for her and one minor child; that a plat was made for the loan company, which identified 500 acres of land "cut off" for the widow; that litigation ensued with the loan company, which resulted in a consent decree whereby the company should have a judgment binding all the property in its deed, "except the 500 acres above referred to, . . and set apart to the widow of Thos. P. Saffold as a year's support;" that the widow and all the heirs except the defendant executed to the loan company a quitclaim deed to all the land in its security deed on consideration of $5, "and that the loan company shall execute to the widow a quitclaim deed to the 500 acres" set apart to her as a year's support, "which 500 acres is described and refers to the returns of the commissioners to the court of ordinary . . to set apart said year's support;" and that the defendant executed to the company a separate deed conveying "507 acres . . [in]

consideration [of] $300.00," as shown by judgment of court. It did not expressly appear that the company made a deed to the widow. In his answer the defendant denied validity of the year's support, and set up an undivided interest in the land as an heir at law of his father. When the return of the commissioners setting apart a year's support was offered in evidence, it was admitted over the objection that the description of the land was too vague and indefinite. The return stated "that we have assessed and set apart, as being necessary for the support and maintenance of said widow and child, the sum of ...... dollars, which the said widow has selected to take as follows: 500 A. of land including homestead at Buckhead, Ga., Morgan County." The description above quoted from the report of the commissioners was not void for indefiniteness, and there was no error in admitting the paper in evidence over the objection stated. *Hancock* v. *King*, 133 *Ga.* 734 (66 S. E. 949).

■ The plaintiff offered in evidence certain pages of the record book of deeds in the office of the clerk of the court, showing the deed from the heirs at law of T. P. Saffold to the widow. This was admitted over the objection that the original deed would be higher and better evidence of the fact, and that absence of the deed had not been sufficiently accounted for. The evidence relied on to lay the foundation was the testimony of the plaintiff, who testified: "I have searched my papers for that original deed, and have not been able to find it. It was never turned over to me. Some papers were turned over to me by Marvin Anderson, but that deed was not in those papers, and I have never been able to find it, and I did not come down to look for it. I sent my attorney down here to look for it." This was insufficient to authorize admission of secondary evidence of the deed. The error in admission of evidence as just referred to necessarily entered into the judgment of the court granting a temporary injunction, and requires a reversal.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

GILBERT, J., concurring specially. Under the decision in *Hancock* v. *King*, 133 *Ga.* 734 (supra), where "homestead" was construed to mean "home place," the judgment setting aside a year's support was not necessarily void. Evidence was admissible to apply the description to the subject-matter. See also *Blackwell* v. *Part-*

*ridge*, 156 *Ga.* 119, 130 (118 S. E. 739), and *Bush* v. *Clemons*, 161 *Ga.* 311 (130 S. E. 914). For these reasons the court did not err in admitting in evidence the judgment setting aside the year's support. The fact that no evidence was introduced showing the extent of the homestead does not require a different ruling; although in the absence of such evidence counsel would have been authorized to move that the court rule out such evidence previously admitted. Evidence tending to show that a loan company, holding a security deed to several large tracts of land, including the land involved in this suit, excepted from its claim 500 acres which it designated as the land set aside as a year's support, and that it filed a map showing the land excepted, can not be considered as evidence showing the extent of the home place at the time the year's support was sought and when the judgment thereon was rendered.