Summerford, Adm'r, *vs.* Gilbert.

What was the sentence, or whether there was one, does not appear by the records as brought up. All points were waived in the argument here, except upon the sufficiency of the indictment.

GEORGE KIMBROUGH and C. T. GOODE, for plaintiffs in error.

N. A. SMITH, Solicitor General, for the State.

----

HENRY SUMMERFORD, administrator of JAMES SULLIVAN, deceased, plaintiff in error, *vs.* JAMES GILBERT, defendant in error.

S, by deed, conveyed to G all his personal property in trust; first to pay all the creditors of S, and then to pay the surplus to the sisters of S; G took possession in the lifetime of S, and after his death was proceeding to execute said trusts, when the wldow of S, having notified his administrator of her claim of her year's support out of said property, said administrator filed a bill, praying that G be enjoined from disposing of the property, and that the same be delivered to him as administrator. *Held,* that S having, by said deed, parted absolutely with said property, his widow had no claim upon it, and the injunction was properly refused.

Bill for Injunction. Decided by Judge VASON. Chambers. Lee County. November, 1867.

The bill made this case:

Sullivan died on ——— day of ——— 1867, leaving a

small estate, consisting of a maturing crop of corn, fodder and cotton, household and kitchen furniture, two mules and some stock, of the value of less than five hundred dollars ; he left a wife, but no children ; Summerford was duly appointed administrator of Sullivan's estate ; the estate is insolvent ; the widow has notified the administrator of her application for commissioners to lay off and give to her a year's support out of said estate ; said Reese has a claim on the estate of fifty or sixty dollars for medical treatment of said Sullivan in his last illness ; Sullivan owed to James Gilbert a considerable sum of money, say four or five hundred dollars, and to F. H. West, one hundred and fifty dollars, and to other persons yet unknown, he owed other sums.

Before his death, Sullivan assigned, in writing, to Gilbert, all of his crop, mules and property to pay himself and other creditors, and to pay any balance left to the two sisters of Sullivan. Under this trust, Gibert has been gathering Sullivan's crop, and taking the trust property into his possession for the purpose of paying his own and other debts to the exclusion of the widow's year's support.

For these reasons, the administrator prays that Gilbert be enjoined from interfering with said property, from selling it, or applying its proceeds to the payment of any debts or interfering with the administrator in taking possession of the property, and further for injunction against the other creditors from sueing him, as administrator, for their claims, that all the creditors bring in their 'claims that the matter may be fully and equitably settled, and for general relief.

The Chancellor granted a rule *nisi*, calling on Gilbert to show cause why the injunction should not be granted, etc.

Gilbert, for cause, denied by answer, that Sullivan died possessed of such estate, but on the contrary, said, he, Gilbert, owned all of said property under this paper :

STATE OF GEORGIA, LEE COUNTY : This indenture, made and entered into, this the twenty-third day of August, in the year of our Lord, one thousand eight hundred and sixty-seven, between James M. Sullivan of the first part, and

James R. Gilbert of the second part, all of said State and county, *Witnesseth:* That the said James M. Sullivan, for and in consideration of the natural love and affection which he has and bears for his beloved sisters, Martha and Elizabeth Sullivan, and for the sum of five dollars to him in hand paid, the receipt whereof is hereby acknowledged, hath given, granted and conveyed, and does hereby give, grant and convey unto the said James R. Gilbert, the following property, to-wit: two mules, (one a large bay mare mule, the other a sorrel horse mule) also his entire stock of cattle and hogs, the number being about ten cattle and ten hogs, also my interest in the crops grown on the plantations of Thomas F. Porter and Samuel Lindsey, and also, all of his farming tools, household and kitchen furniture, together with all his assets, his rights, credits and property of which he is now possessed, upon the following trusts and purposes, to-wit : that the said James R. Gilbert shall sell and dispose of so much of said property at public or private sale as he may deem best, to pay off and satisfy my debts, and then, after the payment of my debts, he said trustee, is to pay or turn over the balance of said property or money arising from the sale thereof, to my said sisters, Martha and Elizabeth Sullivan, in equal shares, to belong to them in their own right, and for their own proper use, benefit and behoof forever in fee simple.

In witness whereof, the said James M. Sullivan has hereto set his hand and affixed his seal the day and year above written.　　　　　JAMES SULLIVAN, [L. S.]

*Signed, sealed and delivered in presence of*

　　R. W. KING.

　　J. J. KING."

All of this property has been in his possession and control ever since the making of said deed, and he averred that after the payment of Sullivan's debts, the balance of said property in law belongs to said sisters of Sullivan.

Since the making of the deed, he, Gilbert, had been gathering the crops, furnishing rations and hire for the laborers necessary to take care of said crop, under said deed, in order to discharge said debts.

When the deed was made, Sullivan owed him $468.61 for provisions and supplies furnished him to enable him (Sullivan) to cultivate said crop and pay his laborers who were making this crop; Sullivan could not have made his crop but for such aid, recognized it as the highest claim on his property, and gave Gilbert a lien on his crop and property.

Since the execution of the deed, he, Gilbert, had been compelled to furnish rations and make advances in gathering the crop, etc., in the aggregate amounting to about $129.38, so that now $597.99 was due him; he admitted that Sullivan died in debt to Reeves and to F. H. West, but whether the trust property will discharge his own debt, he cannot tell till the crop is in market.

He knew nothing of the administration nor of the widow's claim of a year's support, but in January or February last, she abandoned Sullivan's bed and board, and since then has lived with her father, (who is the complainant); during the last illness of Sullivan, which was protracted, she never visited him, but as he learned, she repeatedly expressed a wish that he would die, and he believed that in consequence of such conduct, Sullivan did not recognize her as having any claim on his affections or property, but the two sisters (one of whom was an invalid, and both were dependant on him for maintenance) waited on and nursed him with constancy and affection. Sullivan died 8th September, 1867. Gilbert denied the right of the widow and the right claimed by the administrator to marshal the assets, averring that he, under said deed, had the sole right to dispose of the property which he intended *bona fide* to do according to the deed.

The other defendants were not served, but Gilbert's answer was filed by West as his solicitor.

After argument had, the Court refused to grant the injunction, and this is assigned as error.

GEORGE KIMBROUGH and W. A. HAWKINS, by N. A. SMITH, for plaintiff in error.

F. H. WEST, for defendant in error.

Reid *vs.* Brinson, Ex'r.

HARRIS, J.

The deed of Sullivan conveyed to Gilbert all of his personal property in trust; first, to pay all the creditors of Sullivan, and then the *surplus* of money arising from the sale of his property, to his two sisters.    Gilbert went into immediate possession of the property, and before the death of Sullivan, and since his death, has been occupied in the discharge of the duties assumed.    This deed passed all the property described in it absolutely out of Sullivan, it became irrevocable.    Summerford, the administrator, can have no better or other title, than his intestate.    The injunction sought by him against Gilbert was properly refused.

As Sullivan had parted with his entire estate by the deed to Gilbert in trust, it seems very plain that his widow can have no legal right to a year's provision for her support out of the property so conveyed.    If Sullivan died insolvent, it is one of the common accidents of life, to be borne without looking for relief to the Courts who have no authority to make laws for hard cases, but only to interpret and apply laws as they exist.

Judgment affirmed.