JAMES WHITEHEAD, plaintiff in error, *vs.* HENRY H. FITZ-PATRICK, administrator, defendant in error.

1. When the intestate, in consideration that his attorney at law would pay over certain moneys collected, including his collecting fee, agreed that the attorney should have all of his fees paid out of a certain other note and account when collected, and when the attorney did so pay over his collecting fees and fulfil his part of the contract: *Held*, that the facts make an equitable assignment of the note and account to the attorney for payment of his fees, and that on a rule brought against him, by the administrator, for the note and account when collected, he can set off his fees, and the administrator can only recover the balance, if any, as assets of the intestate, and this principle holds though the money on such note and account was not collected until after administration on the estate.

Administrators and Executors. Attorney and Client. Set-off. Before Judge POTTLE. Warren Superior Court. October Term, 1876.

Reported in the opinion.

W. M. & M. P. REESE; JAMES WHITEHEAD, for plaintiff in error.

C. S. DuBOSE, for defendant.

JACKSON, Judge.

Henry Fitzpatrick, as administrator of H. Martin, filed a petition in Warren superior court, at October term, 1876, praying for a rule *nisi* against James Whitehead as an attorney. In this petition he stated the following facts: that on the 4th of February, 1875, Martin, then in life, placed with Whitehead for collection various claims, and amongst them a note and account on Robert Felt, which note and account were collected by Whitehead, and which collection he refused to pay over to the petitioner. The petition further alleged the insolvency of Martin's estate, and prayed that Whitehead might be compelled to pay over the proceeds of the Felt note and account for distribution. The rule *nisi*, as prayed for, was granted, and Whitehead answered that he had claims on Martin for fees to the amount of $92.00 before Martin's death; that at the time of Martin's death, he held various claims for collection; that some months before Martin's death, he requested payment of the fee, when Martin replied that he (Whitehead) held the Felt note and account, and if he would turn over the money he then had, that he could take the Felt claim, and, with this understanding, he (Whitehead) turned over the money in hand; that Martin never paid him, and he having subsequently collected the Felt claim, paid himself. Upon this answer being filed, Fitzpatrick's counsel moved, without traversing the same, to make the rule absolute against him, and it was so ordered by the presiding judge, and defendant excepted; so that the question is: Did the defendant have the legal right to pay himself out of the Felt note, if it had been so agreed upon between the intestate and himself? It seems to us that he had that right. The facts make an equitable assignment for value of the Felt note, or so much of it, and the account, as

was necessary to pay fees. Whitehead could have taken fees out of each claim as he collected it; instead thereof, he agreed with the intestate to pay over all the other collections, his fees included, on condition that he could take his fees out of this note, and he actually carried out the agreement, and did pay his client money which he had the right to retain as fees. We are at a loss to see the reason why this contract should not be carried out. It is a case of mutual debts, and of a bargain that one side should be paid out of a particular note and account, the debt which the other side owed him. In 5 *Ga.*, 357, it was ruled that in a case of mutual debts between the intestate and others, the administrator could not recover anything as assets but the difference between the two demands. This case is stronger than that, for in this case there was an express contract that this note and account should pay this debt, which the intestate owed to his attorney. If anything remained after this was done, such balance would be assets, and could be recovered; but only the balance, after paying the debt according to the contract.

Judgment reversed.