### DOYLE *vs* MARTIN.

1. Where an account for less than one hundred dollars is set apart by the appraisers to the widow as her twelve months' support, she has sufficient title thereto, from the time the appraisers make their return to the ordinary, to maintain an action on the account in her own name. She need not wait until the time allowed by §2573 of the Code for filing objections, has expired.
2. In a suit on the account, against the debtor, the widow is a competent witness in her own behalf.
3. The verdict is not contrary to law or evidence.

Administrators and executors. Year's support. Actions. Witness. New trial. Before Judge RICE. Habersham Superior Court. April Term, 1878.

On May 4th, 1877, Mrs. Martin brought suit against Doyle, in the county court of Habersham county, on an account in favor of her deceased husband, for twenty-six and a half days work, at $2.50 per day. A non-suit was rendered, and the case carried by appeal to the superior court. Upon the trial in the last mentioned court, the testimony was, in substance, as follows:

It was admitted that the account had been set apart by appraisers to plaintiff as her twelve months' support, in March, 1877.

The plaintiff testified that her husband did the work, and that his services were worth $2.50 per day; that he was a carpenter; that the work was completed in December, 1876.

To the plaintiff's competency as a witness, it was objected by the defendant, that as he was disqualified on account of the death of her husband, she was also. This objection was overruled.

At the close of plaintiff's testimony, defendant moved for a non-suit, because the evidence disclosed that six months had not elapsed since the account had been set apart to her by appraisers, before the commencement of this suit. This motion was also overruled.

W. H. Griggs testified that he was working with Martin every day during the time that the labor was performed

here sued for; that he called on Martin for a settlement for work which he, witness, had done for him some time before; that he found defendant and Martin " on a settlement"; that he waited at the door until the settlement was concluded, when Martin came out and .showed him " a little paper which he said was an order, or due-bill, or something. of that kind, for $5.00," and that it represented the remainder after a settlement; thinks this occurred on Christmasday, 1876; that Maj. Hamilton was present at settlement.

The jury found for the plaintiff. The defendant moved for a new trial because the court erred in overruling the motion for a non-suit, in holding plaintiff to be a competent witness, and because the verdict was contrary to the law and the evidence. The motion was overruled, and the defendant excepted.

C. H. SUTTON ; G. M. NETHERLAND, for plaintiff in error.

M. G. BOYD, for defendant.

BLECKLEY, Justice.

1. The law allows the family of a deceased person a year's support out of his estate, the amount to be fixed by appraisers; but by §2571 of the Code, " The provision set apart for the family shall, in no event, be less than the sum of one hundred dollars, and if it shall appear upon a first appraisement of the estate, that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or if no surviving widow, to the lawful guardian of the child or children, for their benefit." In the present case, the whole amount set apart may have been less than one hundred dollars; for the account against Doyle was for but sixty-six dollars and twenty-five cents, and it does not appear what, if anything, was set apart besides this account. There is no evidence of the value of the estate, and the inference is

warranted that the whole estate was included in the year's allowance. It was proved on the trial of this case that Mrs. Martin was the widow of deceased, and there was no plea or evidence to the contrary. So far as appears she constituted the entire family, there being no evidence that her husband left any children. Now, as it was not disputed that Mrs. Martin was the widow, and as the law entitled her to at least one hundred dollars as a year's support, and this amount was not exceeded, not even equaled, by the account against Doyle, the provision for objections and appeal, made by section 2573 of the Code, was not necessarily applicable. That section of the Code reads as follows:

"It shall be the duty of the appraisers to make a schedule of the property set apart by them, and return the same, under their hands and seals, to the ordinary, within three months from the date of their action, to which return objections may be filed by any person interested, at any time within six months after the filing of the same in office, and if no objections are made, or, if made, are disallowed, the ordinary shall record the return so made in a book to be kept for this purpose; if an appeal be taken, pending the appeal the family shall be furnished with necessaries by the representative of the estate."

It could not have been intended that a widow should not receive as much as one hundred dollars of her husband's estate, whether there were objections or not, for if the estate is worth that sum or more, it is the *minimum* of her allowance—the very least that can be assigned to her. To compel her to wait six months to see whether some mere formal objection is not presented, would be the extreme of legal ceremoniousness. There is no danger that Mr. Doyle will ever have to answer to Mr. Martin's administrator for this account, so far as the record before us discloses. If the special facts, for any reason, made a case of danger, he ought to have presented them by plea, and supported the plea by evidence.

2. That Mrs. Martin was a competent witness is as free from doubt as anything is.

3. The verdict could have been different under the evidence, for the jury might have drawn the inference of payment, as to most of the acount, from the testimony of the defendant's witness, but they were not constrained to do it. Most probably they noticed that the witness was not present at the close of the settlement, and that Major Hamilton, who *was* present, was neither produced nor accounted for. The judge who presided at the trial was satisfied with the verdict, and we leave it to stand. We find no plea of any kind in the record.

Judgment affirmed.