4550.  LUTHERSVILLE BANKING COMPANY *v.* HOPKINS, for use, etc.

While a bank has the right to set off a matured debt due it by a depositor, against the amount due by the bank to the depositor on a general deposit account, the exercise of this right is optional.  If the depositor dies and appraisers appointed to set apart a year's support to his widow make a return setting apart the amount due by the bank to the decedent, it is too late for the bank to exercise its right of set-off, even though the return has not been filed in and made the judgment of the court of ordinary.

DECIDED MARCH 18, 1913.

Complaint; from city court of Greenville—Judge Revill. October 31, 1912.

*N. F. Culpepper,* for plaintiff in error.

*J. E. Justiss, A. H. Freeman,* contra.

POTTLE, J.  This was an action by a widow, for the use of herself and her minor child, against a bank, to recover a sum of money which the deceased husband and father had deposited with the bank.  The defendant pleaded that the decedent was at the date of his death indebted to it on a promissory note, in a sum greater than the amount of the deposit, and that the bank had applied the amount of the account as a credit on the note.  The case was decided upon an agreed statement of facts, from which the following appeared:  The husband died intestate on November 11, 1910. The widow, for herself and the minor child, made application for a year's support, and appraisers were duly appointed.  These appraisers made a return to the ordinary, which included in the

property set apart as a year's support the amount of a general deposit account of the decedent in the defendant bank, amounting to $80.88. The return of the appraisers was signed by them on December 9, 1910. On December 10, 1910, prior to the filing of the return in the office of the ordinary, the bank applied the account of $80.88 as a credit upon a note of the decedent to the bank for the principal sum of $175.75, which matured November 1, 1910. The decedent was insolvent at the date of his death, and did not leave an estate of sufficient amount to pay his debts. The return of the appraisers was subsequently made the judgment of the court of ordinary. Upon this agreed statement of facts the trial judge entered judgment in favor of the plaintiff, and the defendant excepted.

The deposit being general, title to the money passed to the bank, and the relation of debtor and creditor arose between the depositor and the bank, the credit of the bank being substituted for the money. In the business world the expression is used that one has so much money on deposit in a bank, but in strict law a general depositor has no money in the bank; the bank simply owes to him on open account the amount which he has placed with the bank. The transaction is in the nature of a loan to the bank, subject to be repaid on demand of the lender. *McGregor* v. *Battle,* 128 *Ga.* 577, 580 (58 S. E. 28, 13 L. R. A. (N. S.) 185). Without reference to the right of the bank to retain the money of an insolvent depositor which has been deposited with it and to apply it to a debt due by him to the bank when the same shall mature (see Bolles on Banking (2d ed.), 740 et seq., Magee on Banks, 526), the rule is well settled that a bank may apply the amount of the account of one of its depositors to a matured debt due by him to the bank, without reference to the insolvency of the depositor. *Bank of Lawrenceville* v. *Rockmore,* 129 *Ga.* 582 (59 S. E. 291). This right of set-off may be exercised by the bank at any time after the maturity of the debt, unless in the meantime some claim against the account has arisen which is superior to the bank's right of set-off. Some of the authorities hold that the bank has a lien upon the deposit for the amount of any indebtedness due it. But liens are statutory, and in this State the bank has no lien; and its right to retain the amount of the depositor's account depends upon the right of set-off. There is eminent authority for the proposition

that "if the debt be mature at the time of the debtor's death, the bank has the right of set-off as against the heirs, executors, and administrators of the deceased, whether the estate be solvent or insolvent, precisely as it would have enjoyed the same right against the customer himself in his lifetime." 1 Morse on Banks and Banking (4th ed.), § 340; State Bank *v.* Armstrong, 15 N. C. 519.

But without reference to the time when the bank may exercise the right of set-off, it is certain that some affirmative act is necessary on the part of the bank, indicating its election to apply the amount of the deposit account to the indebtedness. It is entirely optional with the bank whether it shall exercise this right of set-off. The bank may, notwithstanding it holds a matured obligation of one of its depositors, honor his checks and pay out upon his order the amount of his account. It has been expressly ruled by the Supreme Court of this State that even a surety upon a matured note due a bank can not compel the bank to apply to the note the amount of the deposit account due the maker of the note. *Davenport* v. *State Banking Co.*, 126 *Ga.* 136 (54 S. E. 977, 8 L. R. A. (N. S.) 944, 115 Am. St. R. 68, 7 Ann. Cas. 1000). In that case the Supreme Court quoted approvingly the following extract from the opinion of the Supreme Court of Pennsylvania, in the case of Peoples Bank *v* Legrand, 103 Penn. State, 309 (49 Am. Rep. 126): "It is beyond question that the bank, in the absence of any special appropriation of the deposit by the depositor, would have the right to apply a general deposit to any existing matured indebtedness of the depositor. But that privilege is a right which the bank may or may not exercise in its discretion. . . We fully recognize the rule that where a principal creditor has the means of satisfaction actually or potentially within his grasp, he must retain them for the benefit of the surety, but we regard the case of bank deposits as an exception to the rule."

The bank not being bound to exercise the right of set-off, it necessarily follows that if, prior to the time when the right is claimed by the bank, some creditor has intervened and by legal process obtained a claim upon the depositor's account, superior to the bank's right of set-off, such right is lost and can not be exercised by the bank. A year's support for the family of the decedent is a part of the expenses of administration and to be pre-

ferred above all other debts, except those expressly provided for by law. Civil Code, § 4041. In the payment of the debts of a decedent, year's support takes rank over all other debts, except obligations for purchase-money of property set apart by the appraisers. See Civil Code, §§ 4000, 4048, 4049. Prior to the passage of the act of 1903 (Civil Code, § 4049) even claims for purchase-money of personal property were inferior to the claim of a widow and minor children for a year's support. *Ullman* v. *Brunswick Title Co.*, 96 *Ga.* 625 (24 S. E. 409). At the time of the death of the plaintiff's husband the bank was indebted to him in a named sum, on open account. The title to this account was in the decedent, for the reason that the bank had not elected to exercise its right to apply the amount of the account to the matured note. This open account due by the bank was a part of the decedent's estate, and, as such, was subject to be administered according to the rules of distribution provided by the statutes of this State. The account was set apart by the appraisers for a year's support for the widow and minor child. Even if the bank had the right after the death of the decedent to apply his account to a matured note due by him, it could not do so after the account had been set apart by the appraisers to the widow and minor child. In *Doyle* v. *Martin*, 61 *Ga.* 410, it was held that, after the return of the appraisers is filed with the ordinary, the widow has sufficient title to an account set apart by the appraisers to maintain an action in her own name for the amount thereof.

It is not necessary to decide in the present case whether the plaintiff could have sued the bank on the account prior to the filing of the return of the appraisers with the ordinary, since the return was subsequently made the judgment of the court of ordinary and the suit was not brought until after the rendition of the judgment. What we hold is that, after the appraisers had signed their return setting apart the amount of this account as a part of year's support for the widow and the minor child, it was too late for the bank to exercise its right of set-off.          *Judgment affirmed.*