## HENDRIX *v.* CAUSEY.

Under the pleadings and evidence no other verdict than one in favor of the defendant could have been legally returned, and the court did not err in so directing. The court did not err in any of the rulings of which complaint is made.

No. 746.   JUNE 13, 1918.

Ejectment. Before Judge Thomas. Colquitt superior court. October 29, 1917.

S. T. Hendrix, as one of the heirs at law of S. G. Turner, deceased, filed suit in ejectment against P. C. Causey for described land. The evidence showed that the deceased died seized and possessed of the land in question, and that the plaintiff was one of the children of the deceased. The defendant offered an equitable

amendment alleging, that the land was set apart by the ordinary as a year's support for the widow of the deceased and her minor children, one of the children being the plaintiff in this case; that the land was sold by the widow for $300; and that the proceeds of such sale were used by the widow, as head of the family, for the support of herself and her minor children, one of whom was the plaintiff. The plaintiff interposed a demurrer to this amendment, which was overruled. The defendant showed a regular chain of title into himself from the widow of S. G. Turner. To sustain the equitable plea the defendant offered in evidence the application of the widow for year's support; the order of the ordinary appointing commissioners with instructions to set apart as year's support a sum sufficient to support and maintain the widow and children for the space of twelve months, and if upon a just appraisement of the estate the same did not exceed $500, then the whole estate to be set apart; the return of the appraisers setting apart the whole estate, real and personal; and the order of the ordinary approving the return of the commissioners and ordering the same to be admitted to record as the judgment of the court. All of this evidence was objected to by the plaintiff, on the ground that the records showed on their face that there was. no publication of notice as required by law once a week for four weeks, and that four weeks did not elapse between the application for year's support and the judgment therefor, and that the judgment of the ordinary was therefore void, the result of which was a failure to legally set aside the year's support. . The court overruled the objection and admitted the evidence. The evidence being closed, the court directed a verdict for the defendant. The plaintiff excepted to the overruling of the demurrer, the admission of the evidence above described, and the direction of the verdict.

.   *Pomp Perkins, R. J. Bacon,* and *R. H. Ferrell,* for plaintiff.

*Shipp & Kline, J. A. Wilkes,* and *J. A. Dewberry,* for defendant.

GILBERT, J. There was no error in overruling the demurrer, as the equitable amendment was not deficient in the manner pointed out. The record shows that the published citations could not have run for the length of time required by law between the return of the appraisers and the approval thereof by the ordinary. In a proceeding to set apart a year's support for a widow and minor

children out of the property of the deceased husband, the widow may act for the minor children as well as herself. Civil Code, § 4041; *Ferris* v. *Van Ingen*, 110 *Ga.* 102 (7), 118 (35 S. E. 347). In such case the minor children are as plaintiffs and the judgment obtained is in their behalf. The notice required by law of an application for year's support and the return of the appraisers is for the benefit of persons whose interests are adversely affected by the judgment, and not for the widow and minors, for whose benefit the judgment is rendered. Neither the widow nor the minor children can complain that others do not have proper notice of the proceedings. See *Galloway* v. *Vestal*, 135 *Ga.* 707-711 (70 S. E. 589). The plaintiff in this case was one of the minors for whose benefit the year's support was set apart. The title to the property set aside was in the widow and minor children from the time the return of the appraisers was made to the court of ordinary. Civil Code, §§ 4043, 4044; *Doyle* v. *Martin*, 61 *Ga.* 410; *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494 (3 a), 496 (37 S. E. 767). Compare *Luthersville Banking Co.* v. *Hopkins*, 12 *Ga. App.* 488 (77 S. E. 589). The widow can lawfully sell property so set apart when necessary for the support of the family. *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Allen* v. *Lindsey*, 113 *Ga.* 521 (38 S. E. 975). The court therefore properly admitted the evidence, the effect of which was to show title out of the widow and children and to effectually prevent a recovery of the land from the purchaser from the widow by any one of them. No other verdict than that directed by the court being legally possible under the facts of the case, the court did not err in so directing.

*Judgment affirmed. All the Justices concur.*