ODOM et al. v. HOPPENDEITZEL.

ATKINSON, J. It is declared in the Civil Code, § 4041: "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate. If there be a widow, the appraisers shall also set apart, for the use of herself and children, a sufficient amount of the household furniture. The provision set apart for the family shall in no event be less than the sum of one hundred dollars; and if it shall appear upon a just appraisement of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate for the support and maintenance of such widow and child or children, or, if no surviving widow, to the lawful guardian of the child or children, for their benefit." *Held*:

1. A judgment of the court of ordinary allowing a year's support for the family of a deceased person under the foregoing statute will not attach to property which has been conveyed away by the deceased prior to his death and is no longer a part of his estate. *Burkhalter* v. *Planters Loan & Savings Bank,* 100 *Ga.* 428 (28 S. E. 236); *Summerford* v. *Gilbert,* 37 *Ga.* 59.

2. Where property is conveyed in manner and under circumstances specified in the preceding note, the failure of the grantee to record his deed would not affect his right to the property as against the claim of the family under a judgment for year's support.

3. Under application of the foregoing principles, it appearing on the trial of an ejectment suit, from the uncontradicted evidence, that the plaintiff's lessor claimed title to the land in dispute under a judgment by the court of ordinary setting it aside as a year's support for the family of a deceased person, and that several years prior to the death of the deceased such person had conveyed the land by an absolute fee-simple deed to the defendant's predecessors in title, and that such deed was not recorded until after the judgment setting apart a year's support, the judge did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 2634. FEBRUARY 21, 1922.

Ejectment. Before Judge Malcolm D. Jones. Bibb superior court. March 2, 1921.

*H. F. Strohecker,* for plaintiffs. *S. W. Hatcher,* for defendant.