## GRIFFETH *v.* HAYGOOD *et al.*

No. 8668. December 17, 1931.

*G. A. Johns* and *Robert L. Russell,* for plaintiff.
*John I. Kelley* and *Joe Quillian,* for defendants.

GILBERT, J. M. J. Griffeth executed bonds for the faithful performance of his duties as guardian of four minor children named Segars. M. H. House became surety on those bonds. Griffeth and House died. Suit in behalf of these children was brought against the administratrix and the wife of Griffeth, alleging that deeds made by Griffeth to Mrs. Griffeth, conveying his half interest in two parcels of real estate described, were voluntary, without consideration, made pursuant to a conspiracy between him and his wife for the purpose of rendering him insolvent and defrauding, hindering, and delaying his creditors. In that litigation there was a verdict finding that the deeds were voluntary and should be set aside and declared void. Accordingly the trial court entered a decree which contained the language quoted in paragraph 3, infra.

The half interest in the land was levied upon and advertised for sale as the property of the estate of M. J. Griffeth. His widow sought to enjoin the sale, alleging that she had made application to

the court of ordinary to have set apart to her a year's support out of the estate of M. J. Griffeth; that if the said property were sold, she would be without legal remedy to enforce her right to year's support, because there is no other property on which it can be enforced, and if the same were sold the appraisers would not be able to fix her rights therein; that the report of the appraisers in the year's support proceeding could not be confirmed before the date fixed for the sale; and that if the sale proceeds, the whole question will be moot and all her rights will be gone.

Demurrer was sustained on the ground that the facts alleged in the petition for injunction did not entitle Mrs. Griffeth to a year's support in the property mentioned, and injunction was refused. Petitioner excepted.

■ A deed made to defraud creditors, though void as to them, is good as between the grantor and the grantee, and after executing such deed the grantor has no title to the property conveyed; and therefore such property can not be set apart as a year's support for the widow of the grantor, since such year's support can only be set aside from the property of the estate of the husband. *Tufts* v. *DuBignon,* 61 *Ga.* 322 (5); *Parrott* v. *Baker,* 82 *Ga.* 364 (9 S. E. 1068); *Flannery* v. *Coleman,* 112 *Ga.* 648 (37 S. E. 878); *McDowell* v. *McMurria,* 107 *Ga.* 812 (2) (33 S. E. 709, 73 Am. St. R. 155); *St. Paul &c. Ins. Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786 (4) (39 S. E. 483); *Henderson* v. *Kemp,* 155 *Ga.* 489 (3) (117 S. E. 244); *First National Bank* v. *Colonial Fire Underwriters Ins. Co.,* 160 *Ga.* 166 (2 *a*) (127 S. E. 455); *Bank of Wrightsville* v. *Powell,* 163 *Ga.* 291 (135 S. E. 922).

■ The plaintiff in error formally requested this court to review and overrule *McDowell* v. *McMurria,* and *Bank of Wrightsville* v. *Powell,* supra, if these decisions are construed to conflict with the contentions made by her. As shown above, these decisions are adverse to the contentions of the plaintiff in error, and, if there were no other decisions ruling likewise, would control the judgment. We deny the request both upon the ground that such decisions are sound and upon the further ground that they are only two of a line of decisions which have and should settle the law on the question involved.

■ The legal effect of the judgment cancelling the deeds does not differ in meaning from the judgments in the controlling cases

above decided, on the ground that this judgment included in its terms: "The title to the said property is hereby declared to be a part of the said M. J. Griffeth's estate and subject to this judgment. It is ordered and decreed that the defendant, Mrs. Claude E. Griffeth, deliver up said deeds to the clerk of the superior court of Barrow County, Georgia, . . this decree to only operate against the property mentioned herein and any other property that has come into said L. E. Griffeth's hands or may come into his hands as administrator of said M. J. Griffeth." The judgment is of no validity beyond what is authorized by the pleadings and evidence. The petition praying for cancellation was filed solely in behalf of petitioners as creditors, and can not be held to authorize relief to defendant which would completely nullify benefits of petitioners' claim. It would permit the defendant to take advantage of the wrong of her husband in which she participated and benefited. "Relief can not be granted for matters not alleged. The court pronounces its decree secundum allegata et probata: 6 *Georgia Reports*, 589; *Ayers* v. *Daley*, 56 *Ibid.* 119. This rule prevails in all courts." *Rakestraw* v. *Brogdon*, 56 *Ga.* 549. So construed, the judgment contains no force and validity beyond declaring the deed from Griffeth to his wife fraudulent and void as against creditors. After such judgment the deed continued to be valid between the grantor and the grantee.

*Judgment affirmed. All the Justices concur.*