## 22678.   PHILPOT v. RAMSEY & HOGAN.

STEPHENS, J.   1. The right to a year's support out of the estate of a decedent, which is given to his widow and minor children as provided in the Civil Code (1910), § 4041, vests on his death. *Brown* v. *Joiner*, 77 *Ga.* 232 (3 S. E. 157); *Swain* v. *Stewart*, 98 *Ga.* 366 (25 S. E. 831); *Ehrlich* v. *Silverstein*, 121 *Ga.* 54, 60 (48 S. E. 703); *Anders* v. *First National Bank*, 165 *Ga.* 682 (142 S. E. 98). Since, as provided in section 4000, the right to a year's support is superior to "other liens created during the lifetime of the deceased," where the same do not constitute a landlord's special lien on the crops for rent or supplies, or for the purchase-money (§§ 4048, 4049, 4050), the title of the widow and minor children in the property thus set aside is superior to any lien which a factor may have upon the property for a past indebtedness of the deceased, or for advances made to him after he had delivered and deposited the property with the factor with specific instructions and authority to the factor to sell the property and apply the proceeds to the payment of the debts of the deceased, where none of this indebtedness was for the purchase-money of the property or was due to the factor as a landlord for rent or supplies. This ruling is not in conflict with that in *Clark* v. *Dobbins*, 52 *Ga.* 656, where it was held that a factor who had advanced money to the tenant on cotton produced on rented land thereby acquired a qualified property in the cotton, and a "lien" upon it, entitling his claim for advances to priority over the unforeclosed lien of the landlord for rent against the cotton, where the factor had received the cotton and had made the advances thereon bona fide and without notice of the landlord's lien on the cotton for rent. While it was there held that "the right of the factor is that of a purchaser to the extent of the advances made, and he has a special property in the thing or article on which he has advanced his money," it was not held that the factor acquired title to the property. The factor there occupied, as to the landlord, the position of a bona fide acquisitor of a mortgage lien on the property, for value and without notice, and, so far as was there held, possessed only a lien upon the property for the advancements made. See Civil Code (1910), §§ 3362, 3531; 12 Am. & Eng. Enc. L. 680; 25 C. J. 394. Such lien, where no title passed, has no priority over the lien given by statute on the property of the deceased at the time of his death, to the widow and minor children for a year's support. *Ullman* v. *Brunswick Title Guarantee &c Co.*, 96 *Ga.* 625 (3) (24 S. E. 409).

2. Where a factor with whom property has been deposited makes advances thereon to the owner, the factor has the right and power to sell the property for the purpose of paying the indebtedness represented by the advancements, and has a lien upon the funds derived from the sale, for the purpose of reimbursing him for the advances made; and where in such a case the factor, in the lifetime of the owner, sold the property and applied the proceeds to the indebtedness, neither the property nor the proceeds of the sale thereof became, upon the death of the owner, a part of his estate, and therefore the widow and minor children were not entitled to a year's support in the property or the proceeds thereof. *Luthersville Banking Co.* v. *Hopkins*, 12 *Ga. App.* 488 (77 S. E. 589). Where, however, the factor, although he had made the advancements during the lifetime of the owner, did not sell the property until after the owner's death, the property incumbered with the factor's lien for the advancements became a part of the owner's estate, and was therefore subject to the superior lien of the widow and minor children of the owner for a year's support.

3. Upon the principle that where a person having charge of property of another mixes it with his own, he must separate and distinguish his own property or lose it (Civil Code of 1910, §§ 3592, 4587), a factor who, after having made advancements to the owner upon property deposited with him, sells a portion of the property during the owner's lifetime and applies the proceeds thereof upon the indebtedness, and sells the remainder of the property after the death of the owner, must, where he is entitled to the proceeds of the property sold before the death of the owner, but, by reason of a claim of the widow and minor children of the owner to a year's support, is not entitled to the proceeds of the property sold after the death of the owner, distinguish and separate the proceeds to which he is entitled from the proceeds of the property sold after the death of the owner, before he can assert his claim to the part to which he is entitled. Where such property consisted of nine bales of cotton, and one bale was sold before the death of the owner and the proceeds applied to the indebtedness, and the remaining eight bales were sold after the death of the owner, the factor could not claim the proceeds of the sale of the first bale to which he was legally entitled by merely showing the amount of the proceeds derived from the sale of all the cotton.

4. A year's support does not supersede a bill of sale passing title to the property to secure a debt, executed by the deceased and duly recorded in his lifetime.

5. The widow's right to a year's support in personal property is not superior to the right of a creditor of the deceased in the property where it has been conveyed to him by the deceased under a bill of sale to secure a debt, although the bill of sale was never recorded. *Summerford* v. *Gilbert*, 37 *Ga.* 59; *Odom* v. *Hoppendeitzel*, 153 *Ga.* 20 (111 S. E. 419); *Bank of Wrightsville* v. *Powell*, 163 *Ga.* 291 (135 S. E. 922); *Garrard* v. *Milledgeville Banking Co.*, 168 *Ga.* 339 (147 S. E. 766); *Griffith* v. *Haygood*, 174 *Ga.* 22 (161 S. E. 831). STEPHENS, J., dissents.

6. Although property set aside as a year's support may have been set aside to the widow and minor children, the widow nevertheless has the right

to control the property, and can, in her own name, maintain a suit in trover for its conversion. *Hendrix* v. *Causey*, 148 *Ga.* 164 (96 S. E. 180); *Ragan* v. *Shiver*, 130 *Ga.* 474 (61 S. E. 1); *Allen* v. *Lindsey*, 113 *Ga.* 521 (38 S. E. 975); *Derrick* v. *Sams*, 98 *Ga.* 397 (25 S. E. 509, 58 Am. St. R. 309); *Lowe* v. *Webb*, 85 *Ga.* 731 (11 S. E. 845); *Cleghorn* v. *Johnson*, 69 *Ga.* 369.

7. Upon the trial of a suit in trover for the alleged conversion of nine bales of cotton, a quantity of corn, hay, fodder, two mules, and a wagon and harness, where it appeared without dispute from the evidence that the property had been set aside as a year's support to the plaintiff as widow and her minor children; that the cotton had been deposited by the deceased with the defendants, who were cotton factors, with instructions to them to sell it and apply the proceeds to the deceased's indebtedness to them; that the defendants, after the cotton was deposited with them, made advances in certain sums to the deceased, that prior to his death the defendants sold one of the bales of cotton, that after his death and before the year's support was set aside the defendants sold the remaining eight bales of cotton; that when the cotton was sold and the money collected it was applied by the defendants upon the deceased's indebtedness to them; that the nine bales of cotton brought at the sale $357, but the amount for which the first bale of cotton was sold does not appear; that the cotton and some of the other property had, by a bill of sale to secure an indebtedness to the defendants of $144.60, been conveyed to them by the deceased, but this bill of sale was never admitted to record, and that for a prior indebtedness of the deceased to the defendants in the sum of $405 the mules and the wagon and some crops had, by a duly recorded bill of sale to secure the indebtedness, been conveyed to the defendants; that there was another bill of sale to crops to secure an indebtedness of $212, which was never recorded; that the defendants, at a private sale pursuant to power contained in the bill of sale, had sold the wagon and the mules for $155, and the corn and fodder for $15; that the defendants were not the landlords of the deceased and none of the indebtedness was due to them for rent or for supplies furnished by them as landlords or for purchase-money, by an application of the above rulings a verdict for the plaintiff in some amount was authorized, and the verdict found generally for the defendants was unauthorized and without evidence to support it, and the plaintiff is entitled to a new trial.

8. It is unnecessary to pass upon the exceptions to excerpts from the charge of the court and to the failure of the court to give certain requested instructions. Any errors, if there be any, in the charge or in the failure to charge, are not, upon the application of the rulings here made, likely to occur upon another trial.

*Judgment reversed. Broyles, C. J., and Sutton, J., concur. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 29, 1933.

*Paul T. Chance, C. Vernon Elliott, Nathan Jolles,* for plaintiff.

*Fleming & Fleming,* for defendants.

STEPHENS, J., concurring specially. I concur in the judgment of reversal, and in all except the ruling announced in paragraph 5. From this ruling I dissent.

Section 3307 of the Civil Code of 1910, which is a codification of an act approved September 30, 1885 (Ga. L. 1884-5, p. 124), provides that while deeds or bills of sale to personalty to secure debt and which are not recorded are valid against the persons executing them, they are "postponed to all liens created or obtained, or purchases made, prior to the actual record of the deed or bill of sale." The "liens created or obtained" referred to "embrace both liens created by contract and arising by operation of law," which include a "common-law judgment" against the maker of the deed or bill of sale to secure debt. *Saunders* v. *Citizens First National Bank,* 165 *Ga.* 558 (142 S. E. 127). See *Merchants &c. Bank* v. *Beard,* 162 *Ga.* 446, 450 (134 S. E. 107). Under the authorities cited in paragraph 1 of the syllabus the right of the widow and minor children of the deceased to a year's support out of his estate vests upon his death. This right is, as provided in section 4000 of the Civil Code of 1910, superior to other designated "liens" created during the lifetime of the deceased. While it has been held that the right to a year's support is not a debt due the widow and minor children, but is a mere distribution of the estate, it is stated in *Barron* v. *Burney,* 38 *Ga.* 264, that, "in a strict sense, it is a provision, an incumbrance, higher than any debt." An "incumbrance" fixed by law in favor of one person upon the property of another necessarily constitutes a lien upon the property. See definition of liens in 37 C. J. 306 et seq. and Bouvier's Law Dictionary, title "Lien." The right to a year's support in the estate of the deceased which vests upon his death is therefore a lien upon the estate.

The return of the appraisers setting aside property of a decedent as a year's support to the widow and minor children and its record with the ordinary, as provided in section 4043 of the Civil Code of 1910, and which, as provided in section 4044 of the Civil Code of 1910 "vests" "the property so set apart" in the widow and minor children, constitutes a judgment, and as stated in *Birt* v. *Brown,* 136 *Ga.* 23, 25 (31 S. E. 755), "has the binding force and effect of any other judgment of a court of competent jurisdiction." See *Fulghum* v. *Fulghum,* 111 *Ga.* 635, 637 (36 S. E. 602) ; *Reynolds*

v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299). A judgment of a court constitutes a "lien." Civil Code (1910), § 3330. A judgment setting aside a year's support to a widow and minor children constitutes a lien upon the property set aside. *Josey* v. *Gordon,* 107 *Ga.* 108, 110 (32 S. E. 951) ; 24 C. J. 271; Klein's Estate, 14 Pa. Co. Ct. 72 ; Reilly *v.* Reilly, 139 Ill. 180 (28 N. E. 960).

Although a judgment setting aside a year's support may, under section 4044 of the Civil Code of 1910, automatically place the title to the property in the wife and minor children, and thereby amount to an extinguishment of the lien by what appears to be an automatic foreclosure of the lien, the lien which arose at the time of the death of the deceased and which inheres in the judgment afterwards rendered is, until its extinguishment by the foreclosure, a valid and subsisting lien upon the property set aside as a year's support; and while this lien exists, it, by reason of the provision of section 3307 of the Civil Code of 1910, supersedes the creditor's right and title in the property which arose out of an unrecorded bill of sale to secure a debt. Of course, if the lien superseded the creditor's right under such a bill of sale, the title of the widow and minor children in the property after it is set aside as a year's support supersedes the creditor's title under the bill of sale.

Section 3307 of the Civil Code of 1910, which postpones the unrecorded instruments there described to liens created or obtained prior to the record of such instruments, has reference only to instruments conveying title for the purpose of securing a debt, and not to instruments conveying the absolute fee-simple title to the entire interest or estate. Therefore *Odom* v. *Hoppendeitzel,* 153 *Ga.* 20 (supra), where it was held that where land has been sold by the deceased and conveyed "by an absolute fee-simple deed," and the property at the time of the vendor's death "is no longer a part of his estate," the widow is not entitled to a year's support in the property, notwithstanding the deed has never been recorded, manifestly settles nothing as respects the claim of a widow and minor children to a year's support in property of the deceased which had not been sold and the title to which had not passed out of the estate by "an absolute fee-simple deed" but which had been conveyed by an unrecorded conveyance passing title for the purpose only of securing a debt, and where the property subject to this conveyance remained a part of the estate of the deceased. The last situation

is governed by the provisions of section 3307 of the Civil Code of 1910.

While it is true, as provided in the Civil Code (1910), § 3307, and as ruled in *Odom* v. *Hoppendeitzel,* 153 *Ga.* 20, and *Griffeth* v. *Haygood,* 174 *Ga.* 22 (supra), that unrecorded conveyances, whether they convey title only as security for a debt or an absolute fee-simple title for all purposes, are good to all intents and purposes between the parties, and that where the property has been sold by the deceased and all his right, title, and interest therein has been conveyed, although by an unrecorded deed or bill of sale, the instrument is good as against him and the property constitutes no part of his estate, and there is therefore nothing to which a year's support can attach, it does not follow, where the title to property has been conveyed solely for the purpose of securing a debt and the instrument has never been recorded, that, notwithstanding section 3307 of the Civil Code of 1910, the entire interest in the property is not subject to a year's support to the widow and minor children.

While it is true, as has been held, that a year's support must be set aside out of the "estate" of the deceased, and where property has been conveyed and title passed by the deceased to a creditor, to secure a debt, the deceased's estate in the property consists in his interest in the property subject to the conveyance, which is his equitable right to redeem the property on payment of the debt, it is nevertheless true that a creditor's right, title, and interest in the property as evidenced by the title vested in him as security for a debt may, by his failure to record the instrument, be, as provided in section 3307 of the Civil Code of 1910, rendered subservient to the right of the widow and minor children to a year's support in the entire interest in the property, and that the entire property, freed of the creditor's claim, constitutes, as respects the right of the widow and the minor children to a year's support, property belonging to the estate of the deceased.

In *Garrard* v. *Milledgeville Banking Co.,* 168 *Ga.* 339 (supra), where it was held that the widow's claim to a year's support in shares of stock which the husband, by a bill of sale passing title, had assigned and conveyed to the bank as security for a debt, was not superior to the title of the bank, the bank had possession of the shares of stock. The possession by the bank served all the purposes of a record of the bill of sale.

I am therefore of the opinion that the right of the widow and minor children to a year's support is, by the provisions of section 3307 of the Civil Code of 1910, superior to the claim of a creditor under an unrecorded bill of sale to secure a debt.