## 23300.  Plowden v. Plowden.

Sutton, J.  1. A widow is not entitled to have a year's support set apart in land to which the husband during his lifetime conveyed all his title, since such year's support can only be set aside from property of the estate of the husband. *Odom* v. *Hoppendeitzel,* 153 *Ga.* 20 (111 S. E. 419); *Griffeth* v. *Haygood,* 174 *Ga.* 22 (161 S. E. 831); *Scruggs* v. *Morel,* 22 *Ga. App.* 93 (95 S. E. 316). The legal title to a life-estate in the land being in the widow, and the remainder interest being in the children of the decedent, so much of the return of the appraisers as set apart such land to the widow as a year's support was void. *Exchange Bank* v. *Cash,* 169 *Ga.* 753 (151 S. E. 345).

2. A deed from a husband to his wife in which he conveyed certain lands to her for her life, with remainder at her death to their children, in fee simple, but subject to the debts of the grantor, including certain sums due two of his sons, which deed gave to the wife the right to hold, control, and manage the property in such way as she deemed proper, without accountability for rents, issues, or profits, and gave her authority without order of court to sell the land for reinvestment for the benefit of herself and the remaindermen, also to make "said limited estate and property chargeable with the expenses of all legitimate improvements," and also to "sell said estate and property at any time and pay the just debts of $4000 owing" said two sons and reinvest the balance, and in which deed it was provided, "The scheme herein being that my said wife and grantee shall have the right, privilege, and power to manage, control, and use the said estate as she considers best for her own benefit for life, as well as the benefit of said remainder, . . subject to my debts," and which deed also provided that the grantee should have the right "To have and to hold the said above described premises to the said party of the second part in trust for the use and purposes and with the powers aforesaid, so that neither" the grantor "nor any one claiming under him shall at any time, by any means or ways, have, or claim, or demand any right or title to the aforesaid premises or its appurtenances, or any rights thereof," conveyed all the right, title, and interest of the grantor, and left no interest in his estate, and upon his death such land could not be set aside to his widow for a year's support. *Summerford* v. *Gilbert,* 37 *Ga.* 59.

3. Applying the foregoing rulings, the trial court correctly sustained the caveat to the return of the appraisers, and held that the return was void as to the land therein set apart to the widow for a year's support.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

Decided October 21, 1933.

*J. W. Harris, H. A. Wilkinson,* for plaintiff.
*Bennet & Peacock,* for defendant.