BACKER, for use, etc., *v.* CITY BANK & TRUST COMPANY.

No. 10521. MAY 16, 1935. REHEARING DENIED JUNE 14, 1935.

*R. F. Scarborough* and *Cecil A. Baldwin*, for plaintiff.

*Jones, Johnston, Russell & Sparks*, for defendant.

HUTCHESON, Justice. The Court of Appeals desires instructions from this court as to the proper answers to the following questions, which are necessary to a proper decision of this case:

"1. Where a bank depositor dies, leaving an amount on general deposit to his account, less than his indebtedness to the bank on his matured promissory notes to the bank, would the deposit become an asset of the decedent's estate, as against a properly asserted claim of the bank, so that the deposit might be legally set apart as a year's support for the widow and minor child? See, in this connection, *Ray v. Dennis*, 5 *Ga.* 357.

"2. If the foregoing question should be answered in the affirmative, would the rule be different where the promissory notes held by the bank contained the following provisions: 'The holder of this note is given a lien on, and is authorized to retain, any general or special deposit, collateral, real or personal security, or the proceeds thereof, belonging to either of us, now or hereafter in the possession of it, during the time this note remains unpaid; and may at its option, before maturity hereof, apply the same to this or any other debt or liabilities of either of us to said holder; in which event interest shall be rebated at the same rate as charged'? Attention is called to the cases of *Macon National Bank* v. *Smith,* 170 *Ga.* 332 (153 S. E. 4); *Garrard* v. *Milledgeville Banking Co.,* 168 *Ga.* 339 (147 S. E. 766); *Ullman* v. *Brunswick Title Guarantee & Loan Co.,* 96 *Ga.* 625 (24 S. E. 109).

"3. If the answer to either of the foregoing questions be that a properly asserted claim by the bank would be superior to the claim of the widow and minor child of the deceased for a year's support, would the rule be different where the bank fails to exercise its right to set off its matured debt due it by the depositor against his general deposit until after the appraisers have filed with the ordinary their return setting apart the deposit account as a year's support for the widow and minor child, and such return has been duly approved and recorded by the ordinary? See, in this connection, *Luthersville Banking Co.* v. *Hopkins,* 12 *Ga. App.* 488 (77 S. E. 589)."

■ The first question propounded to us by the Court of Appeals has been carefully considered, and is answered only after much difficult study and examination of the statutes and authorities relative to year's support and the rights of debtors and creditors. In reaching our conclusion in this matter, we have endeavored at all times to keep in mind the policy of our law relative to a year's support. A year's support is a favorite of the law, and it is the policy of the law to provide an immediate and effectual means of ready support to the widow and children for the year ensuing after the death of their spouse and sire; and the courts of our State are under the duty, in all proper cases, to promote and carry out this policy. As was said by Russell, C. J., it "is an anomaly dictated solely by a very humanitarian public policy, and in its administration this public policy should not be overlooked or disregarded in

674

any instance." See *Grant* v. *Sosebee,* 169 *Ga.* 658 (151 S. E. 336). Its provisions are highly beneficial. The courts, in passing upon cases involving the rights of the beneficiaries under these statutes, should keep foremost in mind the beneficial and benevolent purposes of the law and jealously protect rights accruing thereunder. The ends to be attained under the year's support statutes are not to be burdened with technicalities. See *Whatley* v. *Walters,* 136 *Ga.* 701 (71 S. E. 1103). The laws relative to a year's support claim, its superiority over other liens, debts, or obligations of the decedent, with the exceptions provided by statute, are to be found in the Code of 1933, §§ 113-1002, 113-1010, 113-1508.

While it is true that the right of a widow and minor child to a year's support out of the assets of the estate of their deceased husband and father takes precedence over and is prior to any sort of claim, demand, or debt against such estate, save as excepted by statute, and is an encumbrance higher than any lien or debt upon such estate, only such property, including a chose in action, as can be rightfully deemed as belonging to and forming a part of the assets of the estate of the decedent at the time of his death, can be set aside as a part of the allowance for a year's support. *Odom* v. *Hoppendeitzel,* 153 *Ga.* 20 (111 S. E. 419); *Griffeth* v. *Haygood,* 174 *Ga.* 22 (161 S. E. 831); *Summerford* v. *Gilbert,* 37 *Ga.* 59; *Barron* v. *Burney,* 38 *Ga.* 264; *Dougherty-Little-Redwine Co.* v. *Hatcher,* 169 *Ga.* 858 (151 S. E. 796). It is also true that the right to a year's support is absolute, and vests in the widow and minor child immediately upon the death of the decedent. *Miller* v. *Miller,* 105 *Ga.* 305 (31 S. E. 186); *Brown* v. *Joiner,* 77 *Ga.* 232 (3 S. E. 157); *Anders* v. *First National Bank,* 165 *Ga.* 682 (142 S. E. 98). However, the title to the particular property which may be set apart does not vest in the beneficiaries until the return of the appraisers is made to the court of ordinary. *Hendrix* v. *Causey,* 148 *Ga.* 164, 166 (96 S. E. 180); *Doyle* v. *Martin,* 61 *Ga.* 410; *Brown* v. *Joiner,* supra; *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831); *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494 (3 *a*), 496 (37 S. E. 767). Yet the fact remains that such year's support can only be carved out of or set aside or apart from the estate, or assets of the estate, of the decedent. Ordinarily such debt of the bank to the decedent would constitute an asset of the estate of such decedent and be subject to the right of his widow and minor child

to a year's support. However, under the rulings of this court, and the facts of this particular case, the bank owed nothing to the deceased upon his death. Hence there was no open account to descend to, and become a part of the assets of, such estate. Upon the death of the depositor, the bank holding his matured promissory notes for a sum in excess of the amount of the deposit account, such deposit account became extinguished, and did not at any time become part of the assets of the deceased depositor's estate.

A general deposit in a bank passes title to the deposit to the bank. The relation of debtor and creditor is created between bank and depositor. However, the depositor becomes the owner of a chose in action, an open account in which the bank is debtor to the depositor for the amount of such deposit. See *Macon National Bank* v. *Smith,* 170 *Ga.* 332, 338. If the depositor owes the bank, the bank may, upon maturity of the debt due it, apply the proceeds of the deposit to the satisfaction of such debt. It is not necessary that such debt be evidenced by any note or other writing and that the depositor shall have given to the bank authority to so apply the proceeds of the deposit therein upon maturity of his debt to the bank. In *Ray* v. *Dennis, 5 Ga.* 357, it was said: "If the intestate was indebted to the defendant in his lifetime, in an equal or greater amount than the debt due from the defendant to the intestate, then the intestate's demand, as against the defendant, was paid and extinguished by such indebtedness; and the note of the defendant, in the hands of the intestate's administrator, can not be considered as assets, for the reason it has been paid off and extinguished by the intestate's mutual indebtedness to the defendant at the time of his death. The intestate, if in life, could not have recovered the amount of the note from the defendant, nor can his legal representatives. . . If the debt of the defendant, held by the intestate at the time of his death, was paid by the intestate's indebtedness to him at that time, then the note in the hands of the administrator is not, in contemplation of law, assets upon which the statute directing the order in which debts are to be paid can operate." This reasoning and ruling is directly applicable to the situation arising in this case. Along the same line 'see *Whitehead* v. *Fitzpatrick, 58 Ga.* 348; Scott *v.* Armstrong, 146 U. S. 499 (13 Sup. Ct. 148, 36 L. ed. 1059) ; *State* v. *Brobston, 94 Ga.* 95 (21 S. E. 146, 47 Am. St. R. 138). See also Code of 1910, §§ 4345, 5669 (Code of 1933, §§ 20-1306, 81-802).

This ruling does not violate any of our statutes or the decisions of this court. It is not contrary to *Ullman* v. *Brunswick Title & Guarantee Co.*, supra. The decision in that case was planted on the fact that the stock pledged upon the death of the decedent became a part of the assets of the estate of the decedent, and that the claim of his widow was superior to the claim of the pledgee of the stock, who only acquired a lien on the stock. The decision of the Court of Appeals in *Philpot* v. *Ramsey*, 47 *Ga. App.* 635 (171 S. E. 204), is not authority for a contrary ruling. In that case it was correctly decided that a bill of sale to personalty, executed by a decedent prior to his death, passed the title to the personalty to the grantee, and that the claim of the widow for a year's support in such personalty was not proper. In *Plowden* v. *Plowden*, 47 *Ga. App.* 751 (171 S. E. 388), it was ruled that where property has been conveyed by a debtor to secure a debt, prior to his death, such conveyance having the effect to pass the title to the property, the widow and children of the decedent could not subject such property to their claim for a year's support. So a year's support can be set apart only from assets belonging to the decedent's estate, and can not be set apart in the property to which another has the adverse legal title, as distinguished from a lien thereon or an equity of redemption remaining in the decedent. Therefore the debt of the bank to the depositor in this case, upon his death indebted to the bank on a matured promissory note in a larger amount, became extinguished upon his death and did not descend to, and become a part of the assets of, the estate of such deceased depositor, so as to be subject to the claim of the widow and minor child of the deceased depositor for year's support therein. This is so without any affirmative action upon the part of the bank to assert its right to such deposit, other than to credit the matured promissory note of the deceased depositor with the amount of such deposit. It therefore follows that the first question propounded to us by the Court of Appeals must be answered in the negative.

We have not overlooked the decision of the Court of Appeals in *Luthersville Banking Co.* v. *Hopkins*, supra, wherein it was ruled that where a depositor in a bank was indebted to the bank in a sum in excess of the deposit, on a promissory note which had matured at the time of his death, such "open account due by the bank was a part of the decedent's estate, and as such was subject to be admin-

istered according to the rules of distribution provided by the statutes of this State," and that before the bank could claim the deposit it would be necessary that it exercise its right of set-off prior to the claim of the wife of the deceased depositor for a year's support; and that when the bank failed to so act, its right of set-off was lost and could not thereafter be exercised. Any ruling in the above case by the Court of Appeals, not in harmony with the ruling of this court in *Ray* v. *Dennis,* 5 *Ga.* 351, must yield thereto. Nothing ruled in the case sub judice is contrary to the ruling in *Nix* v. *Ellis,* 118 *Ga.* 345, 347 (45 S. E. 404, 98 Am. St. R. 111). The question ruled on in this case was not involved in that case.

Under the instructions given to the Court of Appeals in answer to the first question, the second question need not be answered; and the third question is answered in the negative, for that under the facts of this case the deposit in the bank did not pass to and become a part of the assets of the estate of the decedent, and for that reason could not be subjected to any claim of the widow for a year's support. It was not a question of who could exercise their claims the quicker. In so far as the estate of the decedent was concerned, the case is just as if the decedent had before his death parted with the legal title to such chose in action.

*All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*