25629. WESTBROOK *v.* WESTBROOK.

DECIDED SEPTEMBER 24, 1936.

*J. W. Dennard,* for plaintiff in error.

*W. H. Dorris, Mrs. J. H. McCormick Jr.,* contra.

GUERRY, J.   J. T. Westbrook, a creditor of the estate of W. H. Westbrook, deceased, filed objections to the return of appraisers setting apart a year's support to Mrs. Elizabeth Westbrook and certain named minor children.   On appeal to a jury in the superior court, the return of the appraisers was sustained.   The plaintiff in error excepts to the order overruling his motion for new trial.   The evidence as to the value of the property set apart, while conflicting, was sufficient to support the verdict.   The plaintiff in error contends that Mrs. Elizabeth Westbrook, executrix of the estate, made payments to certain creditors holding claims of inferior dignity to her year's support and of equal or inferior dignity to his claim. He held against the deceased a promissory note for $3000 and a rent claim for $1105, and he in turn owed the deceased a store account.   He testified, "I think it was five or six hundred dollars." W. H. Westbrook, at the time of his death had credited to his account in the Cordele Banking Company $225.40.   This amount was credited by the bank on a note for $500 due to the bank, and Mrs. Westbrook paid the remainder out of her insurance money. In *Backer* v. *City Bank & Trust Co.,* 180 *Ga.* 672 (180 S. E. 604), it was said: "Where a depositor in a bank, who also is indebted to the bank on a matured promissory note for a sum in excess of such deposit, dies, the deposit does not become an asset of the estate left by him, so as to be subject to be set apart as a year's support for his widow and minor child."   It is apparent that the $255 on deposit in Cordele Banking Company did not become an asset of the estate when it was credited on a promissory note due by the deceased to the bank, and there was no payment by the executrix of the assets of the estate to creditors holding equal or inferior claims against the estate.   The remainder of the amount due was paid out of the individual funds of the executrix.   For this reason the ruling in *King* v. *Johnson,* 96 *Ga.* 497 (2), supra, does not here

apply. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*